Baldwin v. Foss.

REVERSED.

---

BALDWIN v. FOSS.

1. **Payment:** OF FRAUDULENT NOTE: RECOVERY: PLEADING. One who seeks to recover money paid by him on a note, on the ground that the note was fraudulent, must plead and show that the payment was made under a mistake of fact, or that he did not have knowledge of the fraud at the time the payment was made. (*Murphy v. Creighton*, 45 Iowa, 179, and *City of Muscatine v. Keokuk, etc., Packet Co.*, Id., 85, followed.)

2. **Appeal:** FROM ORDER REFUSING NEW TRIAL. Under § 3164, of the Code, an appeal may be taken where the court refuses a new trial, whether jugment has been rendered on the verdict or not.

3. **Practice on Appeal:** PROLIX RECORD: COSTS. Where the appellant prints and files the evidence without abstracting it, the costs of the superfluous printing will be taxed to him, even though he prevails on the appeal.

*Appeal from Shelby District Court.*

TUESDAY, MARCH 15.

ACTION AT LAW. The facts are stated in the opinion.

*P. Wicks*, for appellant.

*John Wallace*, for appellee.

SEEVERS, J.—I. The petition states, in substance, that the

defendant undertook and agreed to procure a loan for the plaintiff, to be secured by mortgage on real estate, for a consideration agreed upon; that said real estate was incumbered by liens and judgments, and that the loan to be so procured was not sufficient to pay the same; that the defendant undertook and agreed, for a sufficient consideration, to effect a settlement of said liens and judgments, and to advance and loan the plaintiff sufficient money, in addition to the loan, to accomplish such purpose; that defendant procured the loan, and represented that, in addition thereto, he had advanced, for the purpose of paying said liens, the sum of $367.66, for which the plaintiff executed his note to the defendant; that said representations were false, and made with the intent to cheat and defraud the plaintiff, and that the defendant well knew such representations to be false and fraudulent; that the defendant in truth and in fact only advanced for the plaintiff $165.95; that the plaintiff has fully paid said note, and therefore he asks to recover the difference between the amount actually advanced and the amount paid. There was a denial of the allegations of the petition. Upon the coming in of the verdict for the plaintiff, the defendant moved for a new trial upon several grounds, and afterwards moved to arrest the judgment, upon the ground that no cause of action was stated in the petition,

*1. PAYMENT: of fraudulent note: recovery: pleading.*

It will be observed that the petition fails to state that the note was paid under a mistake of fact, or that the plaintiff did not have knowledge of the fraud at the time the note was paid. For aught that is alleged in the petition, the plaintiff may have paid the note with full knowledge of the facts, and it is upon this ground the motion in arrest of judgment is based. No objection was made to the sufficiency of the petition by motion, demurrer or answer, and it is possible the objection now urged should be deemed waived. Code, §§ 2648, 2650. For the purposes of this case, this will be conceded, and therefore the motion in arrest of judgment, it will be conceded, was properly overruled. While this is true, it is

also true that plaintiff's right to recover must depend on the question whether the note was paid under a mistake of fact. The note, it may be conceded, was fraudulently procured, but the plaintiff was in no respect damaged by such fraud until he paid the note. If the note was voluntarily paid, with full knowledge of all the facts, then the plaintiff is not entitled to recover. *Murphy v. Creighton*, 45 Iowa, 179; *City of Muscatine v. Keokuk Northern Line Packet Co.*, Id., 185.

The defendant asked the court to instruct the jury as follows: "When one pays money on an alleged claim against him, he is forever precluded from saying he did not owe it, if he paid it under no mistake of fact, and if the party receiving it made use of no illegal means to coerce the payment. In such case, if a party would resist such unjust demand, he must do so at the threshold. The parties treat with each other on equal terms; and, if litigation is intended by the party of whom the money is demanded, it should precede the payment. A party cannot voluntarily pay money in satisfaction or discharge of a demand unjustly made on him, and afterwards recover back the money, even though he should at the time protest that he was not bound to pay the same." This instruction was refused. It, or one substantially like it, should have been given, and the cases above cited so hold. There was evidence upon which the instruction could be based. Therefore, the court erred in overruling the motion for a new trial.

II. Although no such motion has been filed, counsel for the appellee insist in argument that the appeal should be dismissed, for the reason, as we infer, that no appeal lies from the refusal of the court to grant a new trial where the abstract fails to show that any judgment has been rendered on the verdict. But the statute expressly provides that an appeal may be taken where the court refuses a new trial. Code, § 3164. Such refusal must, under the statute, be regarded as prejudicial error, if the refusal is erroneous.

*2. APPEAL: from order refusing new trial.*

III. The abstract contains 135 printed pages, and the evidence is not abstracted, but is set out in the abstract in full, as the questions were asked and answered. Much of the evidence is immaterial, and consists of mere repetitions. Such an abstract cannot be regarded as a compliance with the rules of this court. One hundred and fourteen pages of the abstract contain the evidence as thus set out. The appellee moves the court to tax the costs of the abstract to the appellant. The motion must be sustained, to the extent of taxing the cost of printing 114 pages of the abstract to the appellant.

**3. PRACTICE on appeal: prolix record: costs.**

REVERSED.