CASE 68—ACTION ON CONTRACT—MAY 10.

# Howard and Rice v. The Thompson Lumber Co.

### APPEAL FROM BELL CIRCUIT COURT.

CONTRACTS—FORFEITURES—WAIVER.—The right reserved by appellee, one of the parties to a contract, to retain, as a forfeiture, a reserved percentage of the contract price for services to be rendered in cutting and hauling timber to its mill, will be treated as waived by its acceptance of appellant's services under the contract after its breach and by its urging appellants to go on with their compliance with the contract.

WELLER & HAYES FOR THE APPELLANTS.

The lower court erred to the prejudice of the appellants,

1. In not letting the jury decide as a fact whether appellants

Howard and Rice v. The Thompson Lumber Co.

were damaged by reason of having timber hauled from December 20, 1895, to January 15, 1896.

2. In not letting the jury decide as a fact whether appellees declared a forfeiture or waived the right to declare a forfeiture on account of the failure of the appellants to haul the quantity of timber each month or period as called for in the contract.

3. In not allowing the jury to say whether appellants were damaged on any other item claimed in the petition and shown in the evidence.

4. In failing to give the instructions asked for by appellants.

Citations:    Addison on Contracts, pp. 239, 241; Clark on Contracts, p. 676; Lawson on Contracts, p. 459; 1 Litt., 3; Phillips v. Cont. Co., 91 U. S., 650; Eyster v. Parrot, 83 Ill., 517.

D. B. LOGAN FOR THE APPELLEE.

1. The peremptory instruction was proper.

2. Appellants by their own showing were not entitled to maintain their case.

3. Assumption of control of appellee's timber and discharge of appellants from the contract was proper.

Citations:  3 Am. & Eng. Ency. of Law, 914, 916 and notes; Lawber v. Bangs, 2 Wall., 728; 14 Bush, 51.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

On the 4th day of December, 1895, appellants agreed with appellee that, in consideration of $3.25 per thousand feet, they would haul and deliver at its mill yard all of the poplar saw logs to be cut on a tract of land owned by appellee. The work was to begin on or before December 20th, and appellants were to deliver as much as 150,000 feet by the 1st day of March, 1895, and in each succeeding month thereafter as much as 120,000 feet, until all the logs were hauled and delivered; the entire job to be finished not later than the 15th day of August, 1896.  Appellants were, at their own expense, to build their own tramways; appellee to furnish the lumber.    Appellee was to have the logs ready, so as not to delay appellants at any time in the performance of the contract.   Appellants agreed to begin the construction of the tramway up Rich Branch as soon as they began work, and to complete it as soon as it could

be done.  The contract further provided that all logs de-
livered under the contract were to be paid for at the end
of each month, excepting 10 per cent., which was to be re-
tained by appellee until the contract was performed.  It
was stipulated that for all the logs delivered before the
tramway up Rich Branch was completed only $2.50 per
thousand feet was to be paid, after which time the remain-
ing 75 cents on the thousand feet was to be paid; and that,
if appellants abandoned the contract before the tramway
was completed, no further payments should be made on the
logs delivered, and the tramway should become the prop-
erty of appellee, and that the 10 per cent. reserve from
monthly payments should not be demandable.  The con-
tract further provided that, in the event appellants should
fail to haul and deliver the quantity of logs specified by the
1st of March, or refused or failed to begin or complete the
tramway, the contract should be deemed forfeited, and ap-
pellee should have the right to take possession of the
tramway and shanties, and put other persons to work to
haul and deliver the logs, and that the 10 per .cent. re-
serve and 75 cents per thousand feet on logs delivered
should be forfeited to appellee.

This suit was instituted by appellants to recover the 10
per cent. retained by appellee on monthly estimates, and
75 cents per thousand feet retained on the whole quantity
of logs delivered, for failure to complete the tramway, and
for various other items of damage set out in the petition.

Appellee, by way of defense, relies upon the failure of
appellants to perform the conditions of their contract as to
the completion of the tramway and the delivery of the logs
thereunder, and pleaded damages to their logs by failure
of appellants to deliver the logs promptly, etc.

Appellants, in their reply, deny the alleged damages,

and plead a waiver of the right to forfeiture of the money retained by appellee by the acceptance of the logs delivered to it.

Upon the trial the court gave a peremptory instruction to find for defendant, and we are asked upon this appeal to reverse the judgment entered pursuant to the verdict rendered thereunder.

The testimony shows that appellants began work under this contract, and that they did not deliver exceeding 100,-000 feet of the logs by the 1st day of March, 1896, or more than 60,000 feet per month thereafter, but that appellee, notwithstanding such failure, continued to receive and pay for the logs delivered, and urged appellants to go on with their contract, until July, 1896, when appellee declared the contract forfeited, and took possession of the tramways, and refused to recognize appellants further, retaining the 10 per cent. and the 75 cents per thousand feet on logs delivered; that appellee had no logs cut for hauling on the 20th day of December, 1895, and in fact did not begin to cut them until about the 15th day of January thereafter; that they did not make any monthly measurements, as contemplated by the contract, but advanced money thereon for about their value, retaining the 10 per cent. and the 75 cents per thousand feet for failure to complete the tramway; that only two measurements were actually made during the time—one in May, and the other in July. Appellants delivered about 330,000 feet of logs under the contract, and built about a mile of the tramway. Appellee accepted these logs, advanced money upon them, and continued to urge appellants to deliver more logs until some time in July, 1896.

The main question to be determined on this appeal is, did appellee, by the acceptance of the logs which were

actually delivered, and its request to appellants at the time to continue the work, waive its right in July to declare a forfeiture of the contract, and retain the 10 per cent. on monthly estimates and the 75 cents per thousand feet as its property?

Mr. Lawson, in his work on Contracts (section 455) says:

"The performance of a condition may be waived by the party who has a right to enforce it, in which case the latter will be precluded from relying upon the performance of the residue as a condition precedent to his liability, but must perform the contract on his part, and rely upon his claim for damages in respect to the defective performance. Thus, where one of the parties to a contract is bound to do certain work within a certain time, and fails to complete it within the stipulated time, and the other party urges him to go on, this is a waiver of strict performance as to time, and a recovery may be had on the basis of the amount and value of the work done, reckoned at the contract price, deducting damages for the delay."

And in discussing this question in the case of Colby Construction Company v. Seymour, *et al*, 91 U. S., 650, Justice Miller says:

"Where a specified thing is to be done by one party as the consideration of the thing to be done by the other, it is undeniably the general rule that the covenants are mutual, and are dependent, if they are to be performed at the same time; and if, by the terms or nature of the contract, one is first to be performed as the condition of the obligation of the other, that which is first to be performed must be done or tendered before that party can sustain in a suit against the other. There is no doubt that in this class of contracts, if a day is fixed for performance,

the party whose duty it is to perform or tender perform-
ance first must do it on that day, or show his readiness and
willingness to do it, or he can not recover in an action at
law for non-performance by the other party."

But, both at common law and in chancery, there are ex-
ceptions to this rule, growing out of the nature
of the thing to be done and the conduct of the parties.
The familiar case of part performance, possession, etc., in
chancery, where time is not of the essence of the contract,
or has been waived by the acquiescence of the party, is an
example of the latter. . . .

If the builder has done a large and valuable part
of the work, but yet has failed to complete the whole or
any specific part of the building or structure within the
time limited by his own covenant, the other party, when
that time arrives, has the option of abandoning the con-
tract for such failure, or of permitting the party in default
to go on. If he abandons the contract, and notifies the
other party, the failing contractor can not recover on the
covenant, because he can not make or prove the necessary
allegation of performance on his own part. What
remedy he may have in assumpsit for work and la-
bor done, materials furnished, etc., we need not inquire
here; but, if the other party says to him, 'I prefer you
should finish your work,' or should impliedly say so by
standing by and permitting it to be done, then he so far
waives absolute performance as to consent to be liable on
his own covenant for the contract price when completed."

And this principle of law was adhered to in the case of
Henderson Bridge Company v. O'Connor & McCullough,
88 Ky., 303, [11 S. W., 18, 957].

Appellee, in accepting the logs actually delivered, and
paying therefor, and in urging and encouraging appellants
to go ahead with the work, waived its right to claim the

forfeiture of the 10 per cent. on monthly settlements and the 75 cents per thousand feet for failure to complete the tramway, and appellants are entitled to maintain this action to recover the amount due them under the contract for logs actually delivered; but appellee is entitled to recoup by way of set-off or counterclaim damages sustained on account of the failure of appellants to keep their contract, unless such failure was occasioned by the fault of appellee. These are proper questions for the jury.

For reasons indicated, we think the court erred in giving a peremptory instruction in this case, and it is therefore reversed, and the cause remanded for proceedings consistent with this opinion.