PITTSBURGH & OHIO MINING CO. *v.* SCULLY.[1]

1. SALES—CONTRACT — CONSTRUCTION — TIME OF DELIVERY — EVIDENCE.

In an action for the price of certain cars of coal, rejected by defendant because of delay in delivery, evidence examined, and *held*, sufficient to authorize the jury to find that a telephone conversation between defendant and his agent was heard and assented to by plaintiff's secretary and became a part of the contract of sale.

2. PRINCIPAL AND AGENT—CONTRACTS OF AGENT—RATIFICATION.

Before it can be said that a principal has ratified a contract made by his agent beyond the scope of his authority, it must be shown that the principal had knowledge of the terms of the contract at the time the acts relied upon as a ratification were performed.

3. SALES—DELIVERY—WAIVER OF DELAY.

Acceptance of coal not promptly shipped does not waive the claim that other coal bought at the same time was not promptly delivered as provided by the contract.

Error to Wayne; Rohnert, J. Submitted April 11, 1906. (Docket No. 53.) Decided July 23, 1906.

Assumpsit by the Pittsburgh & Ohio Mining Company against Walter J. Scully for goods sold and delivered. There was judgment for defendant, and plaintiff brings error. Affirmed.

*Dwight C. Rexford*, for appellant.

*James McNamara* and *Frank C. Cook*, for appellee.

CARPENTER, C. J. On the 30th of December, 1902, the parties to this suit entered into a contract whereby the plaintiff agreed to sell and the defendant to buy 66 cars of coal. Part of this coal was delivered and paid for; the

[1] Rehearing denied November 7, 1906.

balance defendant refused to accept on the ground that it was not delivered promptly in Detroit. Plaintiff brought this suit to recover damages for said refusal. The trial was had before a jury, and resulted in a verdict and judgment in defendant's favor. We are asked to reverse that judgment, because the trial court permitted the jury to find that plaintiff was bound to promptly deliver the coal in Detroit. Plaintiff contends that this was erroneous for several reasons, which we will state and discuss:

1. It is contended that there was no evidence tending to prove that the contract of sale obligated plaintiff to promptly deliver the coal. The contract was oral. It was made in Cleveland by the plaintiff's secretary and by the defendant's agent. Plaintiff's secretary testified that he agreed, on the part of his principal, that its best endeavors should be used to make prompt shipments; that it did not agree to make prompt delivery. Defendant's agent was not produced as a witness because at the time of the trial he was in plaintiff's employ. There was evidence, however, that this agent, while the contract was being negotiated, and while in plaintiff's office, had a conversation over the long distance telephone with defendant who was then in Detroit. In that conversation the agent told defendant that plaintiff "had spot coal which it could get out and deliver at Detroit promptly;" that plaintiff also had coal at the mine which it could ship and deliver immediately. He also stated the amount of the coal and the terms of sale. Defendant replied that if plaintiff "was in shape to make a delivery of that coal promptly to take it." There is also evidence that plaintiff's secretary heard this conversation. Plaintiff insists that the jury had no right to find that this conversation was a part of the contract. We think they were justified in so finding. They could very properly find that plaintiff by its secretary assented to the conditions stated in said conversation.

2. Plaintiff contends that the evidence conclusively proves that defendant ratified the action of his agent in

making a contract which did not obligate plaintiff to make a prompt delivery in Detroit. To justify this claim it must appear that at the time of the alleged ratification defendant knew that his agent had made the contract which plaintiff claims was made. *Hurley* v. *Watson,* 68 Mich. 531. The evidence fails to show such knowledge. In this connection we notice the contention of plaintiff that such evidence is furnished by letters written by defendant in which he says that coal was bought "for prompt shipment." It is a complete answer to this contention to say that it is apparent from these and other letters written by defendant that in using the term "prompt shipment" he meant "prompt delivery."

3. It is claimed that defendant waived his right to insist upon prompt delivery of the coal. This claim is based on two grounds: (*a*) That defendant received and paid for coal that was not promptly shipped; and (*b*) that he received and paid for coal several days after he had notified plaintiff of his refusal to thereafter take coal. The first of these grounds is answered by saying that the receipt of coal not promptly shipped would not waive the claim that the coal was not promptly delivered. As to the second ground it is to be said that the only evidence that defendant received and accepted coal after his refusal is to be found in a letter written by him to plaintiff. It is to be inferred from this letter that part of the coal therein referred to was delivered before defendant refused to accept the coal, and that the balance was accepted because defendant supposed it to be coal shipped by other parties. Clearly this evidence does not prove that defendant waived his right to insist upon prompt delivery.

No other question demands discussion. The judgment is affirmed.

MCALVAY, GRANT, BLAIR, and MOORE, JJ., concurred.