TIDWELL *v.* SOUTHERN ENGINE & BOILER WORKS.

Opinion delivered June 29, 1908.

1. CONTRACT—DELAY IN PERFORMANCE—WAIVER.—One who orders an article to be manufactured will be held to have waived any delay in its manufacture, if, after such delay, he treats the contract as still in force and urges or permits the maker to continue performance. (Page 55.)

2. APPEAL—HARMLESS ERROR.—Where an article was ordered to be manufactured, and after delay in making it the order was countermanded, the introduction of evidence as to the kind of machinery and the time required to manufacture it could not have been prejudicial if the delay in its manufacture was waived. (Page 56.)

3. SAME.—Refusal to permit a witness to be asked certain questions will not be held prejudicial if it does not appear what his answers would have been. (Page 56.)

4. DAMAGES—WHEN LIQUIDATED.—Where a contract is of such nature that the damage for its breach would be difficult of proof, and the sum named as liquidated damages is not unreasonably large, it will be treated as such, and not as a penalty. (Page 56.)

Appeal from Clark Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*McMillan & McMillan,* for appellants.

Time was of the essence of the contract. Clark on Contracts, § 251; 115 U. S. 188; 74 Ark. 41; 73 *Id.* 338. The words

of the contract should be construed most strongly against the party who used them. ' 74 Ark. 41; 73 *Id.* 342. A clause in a contract directed to a particular matter controls over a clause general in its terms. 72 Ark. 633. A contract to do a thing "as soon as possible" means that it should be done with all expedition. 59 Hun, 512. The court erred in directing a verdict. 63 Ark. 94; 73 *Id.* 568; 82 *Id.* 89.

*Mathes & Westbrooke,* for appellee.

The parties are bound by their contract. 70 Ark. 572; 71 *Id.* 185. The contract cannot be varied or added to by parol. 75 Ark. 206; 78 *Id.* 574. Where the damages are uncertain or unliquidated, the parties should be permitted to stipulate them if they choose. 14 Ark. 315; 83 Ark. 144; 56 *Id.* 405; 57 *Id.* 169; 73 *Id.* 432; 83 *Id.* 364.

McCULLOCH, J. Appellee is a Tennessee corporation, domiciled at Jackson in that State, and instituted this action at law against appellant in the circuit court of Clark County to recover stipulated damages for failure to perform his written contract for the purchase of a saw-mill outfit, consisting of boiler, engine, sawmill, edger, saws, belting, pulleys, etc. The contract is dated July 28, 1906, and provided that the appellee should "manufacture or buy and furnish and sell" to appellant the articles described and have the same ready for delivery on board cars at Jackson, Tennessee, or at factory where made "on or about August 15, 1906, or as soon thereafter as practicable." The contract contains the following stipulation, viz: "This order is not subject to countermand except on payment of 20 per cent. of contract price, which is agreed to be paid as liquidated damages." The price agreed upon in the contract was $1675, and appellee sued for 20 per cent. of that sum.

Appellee introduced the written contract in evidence, and also the subsequent correspondence between the parties showing that appellant countermanded the order. Appellee's manager also testified that the articles were ready for shipment on board cars on August 31, 1906, and explained that the delay was caused on account of having to manufacture the boiler according to the specifications.

The following written correspondence by mail passed between the parties:

"Okolona, 8-3-06.

"So. E. & B. Works,
            "Jackson, Tenn.

"About one week ago, I gave your Mr. Brown order for mill complete. Have not heard from him or yourselves since. Kindly advise if order has been received and how soon I may expect shipment."

"August 7th, 1906.

"Yours of 3d received. Order entered for our best attention, and will get machinery out as soon as possible. We think we can make shipment by about week after next. The fact that there is a portable boiler in the order delays the shipment as we are compelled to build this boiler which is a slow process. No one carries these boilers in stock, and no factory can build them in less time than two or three weeks from receipt of order.
            "So. E. & B. Works."

"Little Rock, 8-2-06.

"So. E. & B. Works,
            "Jackson, Tenn.

"Kindly advise me at Burns, Tenn., by Thursday, 16th mail, what headway you are making on my order 28th.
            "A. S. Tidwell."

"August 14, 1906.

"In answer to yours of the 12th, will say that we could get your order filled by the date you want it if the tubular boiler would be satisfactory. The delay in your order will be in getting the portable boiler manufactured. We have the engine made now, and we have some parts of the sawmill machinery ready, but the boiler will have to be built from the beginning, and it will not be possible to get this before the first of September, and it may be later.
            "So. E. & B. Works."

"Okolona, Aug. 24, '06.

"So. E. & B. Works,

"Kindly advise me how you are progressing on the order given Mr. Brown on July 28th. I was assured that this shipment would come out promptly when I placed the order, and I have

been somewhat disappointed that I have not been advised that shipment has already been made.

"A. S. Tidwell."

"Aug. 27th, 1906.

"A. S. Tidwell.

"In answer to yours of the 24th, will say that we are making very good progress on your order and expect to get shipment out next week. Quite a number of our men were sick last week, and we did not make as good progress as we expected, but we think now with force of men we have at work that we will be able to get your order completed and shipped out the early part of next week, and trust this will be satisfactory.

"So. E. & B. Works."

"Okolona, 8-29-06.

"So. Engine & B. Works,

"Gentlemen:

"I have yours of 27th inst., and note the contents thereof. Inasmuch as it seems so indefinite about your getting this machinery out, I think it will be wise for me to change my plans a little and not put in the mill now, so you can withhold shipment after same is ready until you are further advised.

"A. S. Tidwell."

Appellee replied to the last letter, agreeing to withhold shipment for awhile, and further correspondence passed between them concerning postponement of the shipment. On October 31, 1906, appellant wrote countermanding the order and refusing to accept the articles at all. A witness for appellee testified that the actual damage sustained by appellee on account of appellant's refusal to accept amounted to $450 or $500, giving the various items of damage. The court instructed the jury to return a verdict for appellee, which was done.

The instruction was correct. Appellee fully made out its case by exhibition of the contract and the correspondence. The only question left in the case was whether or not appellee was ready and offered to perform the contract within the time therein specified, viz: "On or about August 15, 1906, or as soon thereafter as practicable." This might have been an open question for the determination of the jury but for the fact that appellant

waived the delay in shipment. He did this as late as August 24, 1906, by treating the contract as still being in force and by urging or permitting appellee to continue performance. 3 Page on Contracts, § 1502. The period between that date and the time when appellee was ready to make shipment was so short that the court properly declared it, as a matter of law, not to be unreasonable.

Even if the delay had not been otherwise excusable, acquiescence therein by appellant operated as an extension of the time for delivering.

As we hold that the facts hereinbefore recited make out a case in favor of appellee, the introduction of certain evidence as to the kind of machinery and the time necessarily consumed in manufacturing it, to which appellant excepted, could not have been prejudicial.

It is not shown in the record what the answers of appellant, as a witness in his own behalf, to the excluded questions would have been. Therefore no prejudice appears in the exclusion.

Moreover, as the excluded questions related to an alleged misrepresentation of appellee's agent, when the contract was entered into, as to the time within which the machinery could be delivered, there was no prejudice in excluding them for that reason, as we have already shown that appellant acquiesced in the delay and thereby waived it.

The undisputed evidence brings the facts of the case within the test laid down by this court as to liquidated damages. *Nilson* v. *Jonesboro,* 57 Ark. 169; *Stillwell* v. *Paepcke-Leicht Lumber Co.,* 73 Ark. 432.

Judgment affirmed.