[Civ. No. 756. Second Appellate District.—May 17, 1910.]

# SIRCH ELECTRICAL AND TESTING LABORATORIES, Respondent, v. F. A. GARBUTT, Appellant.

Contract to Construct and Install Electrical Plant — Nonperformance and Delay — Payment in Full — Waiver of Counterclaim—Support of Findings.—In an action to recover an alleged balance due on a contract to construct and install· an electric lighting and heating plant, where defendant denied any balance due, and counterclaimed damages for nonperformance and delay in performance, and the court found for defendant as to any balance due, and found that defendant paid plaintiff in full for the plant, with full knowledge of the facts on which the counterclaim was based, and found against defendant on the counterclaim, and that such counterclaim was waived, it is held that the evidence in the record sustains such findings.

Id.—Work Done Under Defendant's Instructions—Payments Made as Work Progressed—Support of Finding—Full Payment With Knowledge.—Where it appears that the work was done by plaintiff's agent under defendant's instructions, between April and December, 1907, and that the work was paid for as it progressed in fourteen checks running from April 29, 1907, to December 21, 1907, thus completing payment in full, the evidence fully sustains the finding that full payment was made with full knowledge of all the facts on which the counterclaim was based. It was not necessary that the entire work should be completed before there could be an acceptance of and payment for any part of the work by defendant.

Id.—Later Mutual Charges of Bad Faith.—The fact that later correspondence between the parties contained mutual charges of misrepresentation and bad faith, made by each to the other, is not evidence that defendant did not accept and pay for the entire work done by plaintiff.

Id.—Decision as to Waiver of Claim for Damages Not Against Law. The decision that there was a waiver of the claim for damages is not against law. The defendant, who, with full knowledge of all the defects in the work, accepted and paid for it, thereby waived his claim for damages.

Id.—Common Count Not Involved — Extinction of Obligation for Breach of Contract—Accord and Satisfaction.—There is no common count in the complaint. The case is one in which the court has found that goods and labor, to a certain value, had been furnished under the contract, and so accepted by the defendant. There has been an extinction of the obligation of plaintiff to make good the breach of the contract of which it was guilty by an acceptance

of the work by the defendant, which is in the nature of an accord and satisfaction.

ID.—GROUND FOR RETENTION BY PLAINTIFF OF DEFENDANT'S MONEY.— The court did not recognize plaintiff's right to retain the money received from defendant, on the ground that the goods furnished and services rendered were reasonably worth that amount, but because defendant accepted them in compliance with the contract, and paid that amount for them.

ID.—ALL GROUNDS OF DAMAGE NEGATIVED BY FINDINGS.—It is held that all the grounds of damage set up in the counterclaim were negatived by the findings of the court.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

J. L. Murphey, and Murphey & Poplin, for Appellant.

C. S. Tappan, for Respondent.

TAGGART, J.—Action to recover balance due on contract for constructing and installing an electric lighting and heating plant, with counterclaim for damages for failure to comply with contract.   Judgment was for defendant for his costs on the complaint and for plaintiff on the counterclaim.   Defendant appeals from that part of the judgment which denies him relief on his counterclaim, and the record is presented under the alternative method.

The plaintiff agreed to construct, on a boat belonging to defendant, an electrical plant to be comprised of engine, generator, switchboard, storage batteries, electric cooking range, searchlight and the necessary wiring and equipment to operate the same; to perform the labor necessary to install the plant, and do the engineering required for and the superintending of the installation of said plant; for which defendant was to pay the actual cost of material and apparatus purchased and manufactured, seventy-five cents per hour for labor in installing the plant, transportation of workmen from Los Angeles to San Pedro and their board and lodging at the latter place if they remained there while engaged in the work; and for engineering and superintending fifteen per cent of the actual cost of the plant, such cost in any event to be

not less than $2,500 for this purpose. The complaint alleges
that plaintiff expended $3,700.81; that there was additional
apparatus purchased by it in the sum of $320.39 for use in
the plant, which was billed to defendant, upon which it is
entitled to a commission; that there have been paid on said
items, respectively, $3,437.64 on account of materials, and
$200 on account of commissions, leaving an unpaid balance
of $666.72 due from defendant to plaintiff.

The answer denies that the materials were of any greater
value than the sum paid by defendant to plaintiff, and denies
any indebtedness on account of commissions, for the reason
that the contract was not complied with by plaintiff and no
commissions earned. The counterclaim of defendant of
$5,754.03 is made up of the $3,437.64 paid to plaintiff for
materials, which it is contended are lost to defendant because
the plant is valueless and useless to him, except that portion
thereof which may be used as a lighting plant, which is of
the value of $1,000, and certain fixtures, air-compressor and
searchlight of the value of $320.39; and the further alleged
items of $1,000 damages for loss of use of the boat for two
months owing to delay of plaintiff with the work done; $500
damages for loss of use of the plant for six months; and $500
for completion of installation of parts of the plant left un-
finished by plaintiff.

The trial court found the contract to have been made as al-
leged; that plaintiff pursuant thereto purchased material and
apparatus and performed labor to the value of $3,610.98, but
did not complete said plant in accordance with the contract;
that "defendant had paid to plaintiff [said sum ($3,610.98)]
with full knowledge that said contract had not been carried
out in accordance with the agreement entered into between
plaintiff and defendant; . . . that by reason of said failure
to complete said contract [plaintiff] is not entitled to recover
any further or additional remuneration for said services ren-
dered, other than said sum of $3,610.98, paid by defendant
to plaintiff under the terms of said contract"; that defend-
ant was not damaged in any sum whatever by reason of the
delays in installing the plant, and that defendant is not in-
debted to plaintiff in any sum under the contract. The two
findings, however, as to which appellant principally urges er-
ror are as follows: "VI.   That defendant was fully informed

of the fact that said plant had been improperly installed by plaintiff, and defendant acquiesced in any and all delays in the installation of said plant, and, with full knowledge of said facts, the defendant paid said sum of $3,610.98 to plaintiff''; and ''IX. The court further finds that, in respect to the counterclaim of defendant against plaintiff, any damage suffered by reason of the nonperformance of said contract by plaintiff has been waived by reason that defendant, with full knowledge of said facts, having paid for and accepted said work.''

We are of opinion that there is evidence in the record to sustain these findings. While defendant testified that he was not an electrical expert, he further testified that after he became suspicious of the electrical ability of plaintiff's supervising manager, Mr. Sirch, he consulted experts and took their advice in the matter; that he was ''on the job'' generally six or seven times a week, always once a week, for two or three hours; and that, at the second visit of Sirch to the boat, he (Sirch) was guilty of such manifest absurdities in his attempts to take measurements of the boat for the purpose of installing the plant as caused the defendant and his construction foreman to look at each other and smile. This was before any work was done on the contract. The witness Sirch also testified that defendant personally directed the designing, the placing of the conduits and their quality, and passed upon every step as the work progressed, including the wiring of the circuits and how they would have to be and the location of each piece of machinery. ''He instructed what he wanted there and I did what he said.'' The bill of particulars rendered by plaintiff shows services performed and material furnished between April and December, 1907, principally prior to September, and the fourteen checks of defendant introduced as evidence of payments made by him to plaintiff for the work done under the contract bore dates running from April 29, 1907, to December 21, 1907. This would seem to support finding VI without further examination of the record. That the later correspondence between the parties contained charges of misrepresentation and bad faith made by each to the other is not evidence that defendant did not accept the work as done by plaintiff. It was not necessary that the entire work be completed before there could be an acceptance of any of

the work by the defendant. There was evidence to sustain the finding of the court to this effect.

The contention of appellant that the decision is against law is equally untenable. The defendant with full knowledge of all the defects in the work accepted and paid for it, and he thereby waived his claim for damages. This is not a case in which judgment has been given on a *quantum valebat* or *quantum meruit* count, but one in which the court has found that goods and labor to a certain value have been furnished under the contract and so accepted by defendant, notwithstanding they were not up to the standard fixed by the contract. In other words, there has been an extinction of the obligation of plaintiff to make good the breach of contract of which it was guilty by an acceptance of the work by defendant, which is in the nature of an accord and satisfaction. The court did not recognize the plaintiff's right to retain the amount received by it from defendant on the ground that the goods furnished and services rendered were reasonably worth that amount, but because defendant accepted them in compliance with the contract and paid that amount for them. There is no common count in the complaint.

The residue of the damage claim of defendant, which covered all but the matters which the court found were accepted, consisted of damages for delay, repairs, etc., and all these were negatived by the court's findings.

Judgment affirmed.

Allen, P. J., and Shaw, J., concurred.