[Civ. No. 1146. Second Appellate District.—July 1, 1913.]

## MACHINERY & ELECTRICAL COMPANY (a Corporation) Respondent, v. YOUNG MEN'S CHRISTIAN ASSOCIATION (a Corporation), Appellant.

BUILDING CONTRACT—USE OF BUILDING—WHETHER WAIVER OF DEFECTS OR IMPERFECT COMPLETION.—An owner may receive and use a structure built for him by a contractor, without necessarily waiving his right to offset damages occasioned by defects or imperfect completion against the contract price. This is so even where the defects may be classed as trivial and it be assumed that substantial completion has been made by the contractor.

ID.—ARCHITECT'S CERTIFICATE—REFUSAL TO GIVE—WHETHER CONCLUSIVE OF CONTRACTOR'S RIGHT TO RECOVER.—Where an architect refuses to issue a certificate to a contractor showing that the latter is entitled to be paid, where no substantial reason exists for such refusal, the contractor may recover the amount agreed to be paid, notwithstanding the contract specifically provides that payment shall be made only upon the production of the certificate.

ID.—REFUSAL TO GIVE CERTIFICATE—EFFECT AS EVIDENCE.—But the fact that the architect's certificate is withheld, taken in connection with the fact that a contention is made by the other party to the contract that there has been a failure to complete the structure, is very persuasive evidence negativing the claim that an unreserved acceptance of the work has been made by the entering into possession thereof and making use of the same. This rule applies in an action by a contractor to recover for installing an engine-room equipment in a building.

ID.—IMPERFECTIONS IN WORK—FINDING AS TO COST OF MAKING GOOD.—If the defendant pleads an offset on account of imperfections in the work, and there is some evidence to show what it would cost to make them good, the defendant is entitled to a finding on that point.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. M. T. Dooling, Judge presiding.

The facts are stated in the opinion of the court.

Williams, Goudge & Chandler, and Edgar F. Hughes, **for** Appellant.

Edwin A. Meserve, for Respondent.

JAMES, J.—Plaintiff sued to recover on a contract under which one Hugh T. Duff, its assignor, agreed to furnish and install certain machinery and apparatus to constitute the engine-room equipment of the building of defendant. The contract provided for the payment of the total sum of twenty thousand dollars, which was to be made in various installments, the final payment of five thousand dollars to be paid thirty-six days after the completion of the work. It was alleged that there remained unpaid at the time suit was brought the sum of $1,433.66. The judgment of the court was in accordance with the prayer of plaintiff's complaint, except that a deduction of the sum of $241.85 was made to cover material furnished by the defendant to plaintiff, which was used in the prosecution of the work. Defendant in its answer referred to the written contract under which the engine-room equipment was agreed to be furnished and the work performed, and set out as an exhibit attached to its answer the complete text of such contract. It further alleged that plaintiff had failed to complete its contract and specified a number of particulars in which it was alleged there had been failure of completion. It was then alleged that the cost of the work and materials necessary to complete the contract and correct the defects and omissions was the sum of one thousand five hundred dollars. A motion for a new trial was made and denied, and an appeal was then taken from the order denying that motion and from the judgment.

It appeared from the evidence that plaintiff's assignor set the engine-room plant in operation one month prior to the first of October, 1908, and operated the same, as required by his contract, for a period of one month, when the engineer of defendant took charge and the plant had ever since thereafter

been operated by and under the direction of defendant. The final payment not being made within the time fixed by the contract, demand was made therefor and a series of letters passed between Duff and defendant, in which defendant on its part made question as to the completeness of the work, and finally through its building committee informed Duff that if he would secure the certificate of its architect that payment would be made in accordance with the terms of the contract. Prior to the time that the engine plant was taken out of the hands of Duff by defendant, one Scattergood, the constructing engineer, had called the attention of Duff to a number of alleged defects and imperfections, some at least of which appear to have been remedied. After the plant had been turned over to defendant, and Duff had failed to secure payment of the full amount agreed to be paid under the contract, a further specification of imperfections was submitted to him by Scattergood and later by the architect, some of the items of which were in addition to those theretofore mentioned by Scattergood. Without any dispute it appeared that the live-steam fittings and valves were not installed in accordance with the specifications. The specifications required that these valves and fittings should be ''extra heavy,'' and the kind installed was what was known to the trade as ''standard.'' The testimony showed that the extra heavy fittings would withstand a greater pressure than the standard ones, and the latter were of less value than the former. A witness for the plaintiff, being the mechanic who had looked over the plant with defendant's engineer, admitted that the terms ''extra heavy'' and ''standard'' were well known and understood by persons engaged in his line of business. It further appeared without dispute that an engine cylinder showed a crack some time after it was installed and this crack was acknowledged by all parties to be the result of a defect in the cylinder. As noted, it appeared that many of the other defects claimed had been remedied, or, at any rate, there was a conflict of testimony upon that point. The trial judge, however, in his findings, determined that the contract had been completed and failed to otherwise find as to whether any of the defects claimed had existed or not. He further made a finding in the following form: ''That if said Hugh T. Duff, or plaintiff, failed to keep or perform the said contract in any particular, and especially

if plaintiff, or said Hugh T. Duff, or both, failed to keep or perform said contract in any of the particulars alleged and set out in paragraph IV of defendant's answer, or in any of the subdivisions of said paragraph, such failure to perform was waived by defendant by its accepting without objection of said plant. As above alleged, defendant accepted said plant as and being complete on the 1st day of October, 1908.'' So it may be gathered as a somewhat clouded inference from these findings that the trial judge thought it unnecessary to particularly find the facts as to the alleged failure of Duff to complete his contract according to the specifications, because he was of the opinion that all of such defects had been waived by the acceptance of the plant by defendant. The evidence is insufficient to show an unqualified acceptance of the engine-room plant by the defendant, as determined in the finding of the court. The contract provided that the payments thereunder should be made upon the certificate of the architect, and not only was this certificate not forthcoming, but when Duff demanded the final payment the contention was raised that he had not made complete performance and was not entitled to the whole amount of the completion payment. The mere fact that defendant chose to take and use the plant as it was tendered to it by Duff did not amount to such an acceptance as would work a waiver of all claim for damages arising because of defects or omissions found therein. It is well settled that an owner may receive and use a structure built for him by a contractor without necessarily waiving his right to offset damages occasioned by defects or imperfect completion against the contract price. This is so even where the defects may be classed as trivial, and it be assumed that substantial completion has been made by the contractor. (*Perry* v. *Quackenbush,* 105 Cal. 299, [38 Pac. 740] ; *Marchant* v. *Hayes,* 117 Cal. 669, [49 Pac. 840].) To be sure, it may be admitted that where an architect refuses to issue a certificate to a contractor showing that the latter is entitled to be paid, where no substantial reason exists for such refusal, the contractor may recover the amount agreed to be paid, notwithstanding that the contract specifically provides that payment shall be made only upon the production of the certificate of the architect. But the fact that the architect's certificate is withheld, taken in connection with the fact that a contention is made by the

other party to the contract that there has been a failure to complete the structure, is very persuasive evidence negativing the claim that an unreserved acceptance of the work has been made by the entering into possession thereof and making use of the same. Such was the evidence in this case and there was none to the contrary effect. Therefore, the finding as to the acceptance of the work as made by the court in this case was not a finding made upon conflicting evidence. It may be noted, too, that as to the steam fittings, defendant's engineer testified that they were above and about the boilers and not accessible to easy inspection as to their weight and thickness, and that he had inquired of the contractor's mechanic as to whether the fittings were of proper weight or quality and had been given to understand that they were; it was subsequently discovered that these fittings were not such as the specifications required to be furnished, and this fact was admitted at the trial on behalf of plaintiff. There was some evidence tending to show what it would cost to replace and make good the imperfections, and defendant was entitled to a finding of the court determining that matter. The defect shown to have developed in the engine cylinder seemed to have been due to imperfect material or workmanship, and it necessarily therefore appeared that this cylinder was imperfect when it was installed. In the light of this fact it seems immaterial whether defendant claimed damage on that account as an offset against the contract price, or claimed the damage under a special guaranty of Duff. The conclusions herein expressed require that a new trial should be granted.

The judgment and order appealed from are reversed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 30, 1913.