[Civ. No. 1559.    Third Appellate District.—May 2, 1917.]

THEODORE J. STEPHENS et al., Copartners, etc., Respondents, v. WEYL-ZUCKERMAN & CO. (a Corporation), Appellant.

CONTRACT FOR CONSTRUCTION OF LAUNCH—DEFAULT IN COMPLETION—DIRECTION TO PROCEED WITH WORK—COMPENSATION FOR DAMAGES—LACK OF WAIVER.—The right to rescind a contract for the construction of a launch calling for its completion within a stated time is waived by the act of the party ordering the launch in urging the contractor to rush the completion after knowledge that it would not be completed within the contract time, but the right to insist upon compensation for the damage caused by the delay is not waived.

ID.—ACCEPTANCE OF SUBJECT MATTER OF CONTRACT—NONWAIVER OF DAMAGES FOR INCOMPLETE PERFORMANCE.—The party not in default under a contract is often constrained by his necessities to take what he can get under his contract when he can get it. Such conduct does not and should not operate as a waiver of the right of action for damages.

APPEAL from a judgment of the Superior Court of San Joaquin County.    C. W. Norton, Judge.

The facts are stated in the opinion of the court.

David L. Levy, and Campbell, Weaver, Shelton & Levy, for Appellant.

Daniel V. Marceau, for Respondents.

BURNETT, J.—The action is for the balance due for the construction by plaintiffs of a gasoline launch under an ex-

press contract requiring the payment by defendant of the sum of $1,550 and providing that the launch should be completed on June 1, 1914. The boat was not ready on time but was accepted by defendant, which claimed, however, that it was entitled to a rebate or recoupment in consequence of the damage caused by the delay. It was, though, found by the court that there was a waiver of any such claim and the real controversy revolves around this consideration. The basis for the court's conclusion is found in these facts: "Defendant, with knowledge of the fact that said launch would not be completed in the time specified by said contract, did not insist upon any penalty from plaintiffs but urged them to rush said launch to completion. That plaintiffs did rush said launch to completion. During the period prior to August 8, 1914, in which payments were made as hereinafter set forth, defendant did not at any time threaten plaintiffs for any penalty for their failure to deliver the boat on time, but rather urged plaintiffs to complete the boat as soon as possible; that plaintiffs did complete the boat as soon as possible; that prior to August 8, 1914, defendant raised no objection as to the failure of plaintiffs to complete the same on June 1, 1914."

We think, however, that the learned trial judge failed to distinguish between the right to rescind or abandon the contract and the right to insist upon compensation for the damage caused by the delay. The former was undoubtedly waived, but the other legal privilege was unaffected by the acts detailed in said finding. The distinction between the two methods of redress as to waiver is quite clearly shown by the authorities.

In *Crocker-Wheeler Co.* v. *Varick Realty Co.*, 43 Misc. Rep. 645, [88 N. Y. Supp. 412], the subject of litigation was a contract to furnish and install two elevators. The trial judge held that the conduct of defendant "in urging plaintiff to continue and hurry completion of the work, and finally accepting the same when performed and paying therefor a large part of the stipulated price thereof," was a waiver of damages for the failure to complete the work within the prescribed time. It was determined, however, by the appellate division that the defendant waived simply any right it might have asserted to plead the delay as a defense to an action for the agreed price, the court saying as to the other question:

"It did not, however, thereby waive its right to counterclaim for any actual damage it might have suffered by reason of the delay. . . . The error into which the court below fell was in treating defendant's acquiescence in the completion of the contract as a waiver of damages for nonfulfillment, instead of only a waiver of any defense to a claim for the contract price."

In *Howard v. Thompson Lumber Co.,* 106 Ky. 566, [50 S. W. 1092], appellant agreed to build a tramway and haul logs for appellee. Compensation was to be paid as the work progressed, but a certain percentage thereof was to be retained and appellants' rights thereto forfeited if they did not perform as agreed. In an action by appellants, the defense of tardy performance was pleaded and appellee responded by alleging a waiver. In the course of the opinion it was stated that after the failure to furnish the logs within the time agreed upon, appellee "continued to receive and pay for the logs delivered and urged defendants to go on with their contract." The court, after quoting from Lawson on Contracts, declared: "Appellee, in accepting the logs actually delivered, and paying therefor, and in urging and encouraging appellants to go ahead with the work, waived its right to claim the forfeiture of the ten per cent on monthly settlements and the seventy-five cents per thousand feet for failure to complete the tramway, and appellants are entitled to maintain this action to recover the amount due them under the contract for logs actually delivered; but appellee is entitled to recoup by way of setoff or counterclaim damages sustained on account of the failure of appellants to keep their contract, unless such failure was occasioned by the fault of appellee."

The supreme court of this state declared the same principle in *Bryson* v. *McCone,* 121 Cal. 153, [53 Pac. 637], as follows: "But consent on the part of plaintiff that defendant might continue the work after the stipulated time was not a waiver of damages or of the breach. Upon the breach plaintiff, not being himself in default, had the right to rescind or permit the defendant to complete the work and sue for damages occasioned by the default."

It was similarly held by the supreme court of Michigan in *Buick Motor Co.* v. *Reid Mfg. Co.,* 150 Mich. 118, [113 N. W. 591], wherein the defendant urgently insisted upon the de-

livery of the goods contracted for after the stipulated time had expired; by the supreme court of the United States in *Phillips etc. Const. Co.* v. *Seymour,* 91 U. S. 646, [23 L. Ed. 341], wherein it was stated that upon a contract for the sale of personal property to be delivered upon a certain day it might be received afterward and the vendor could recover for it, but that the vendee might recoup by setting up a cross-demand for damages for the delay; by the supreme court of Michigan in *Pittsburgh & O. Min. Co.* v. *Scully,* 145 Mich. 229, [108 N. W. 503], wherein it was held that defendant, by receiving and paying for coal that was not *promptly* shipped, did not waive the claim for damages because the coal was not *promptly* delivered. Many other cases to the same effect are cited by appellant, and they seem to recognize the rule as of general acceptance.

The justice of this view is affirmed in Page on Contracts, volume 3, page 2320, upon the ground that "the party not in default is often constrained by his necessities to take what he can get under his contract when he can get it. Such conduct does not and should not operate as a waiver of the right of action for damages."

We can perceive no just ground for holding that any of the facts recited by the court, or all combined, should operate as a waiver of the right to claim whatever damages accrued to appellant by reason of the failure on the part of respondents to keep their engagement. Assuredly, the failure to demand a penalty, or to use threatening or acrimonious language, is no evidence of a relinquishment of this right. The effort to induce respondents to complete the work as speedily as possible and the payment of the several installments as they were due were entirely consistent with the purpose of claiming whatever might be due defendant under the contract. It was the duty of appellant to make the payments as called for, and its urgency as to the completion was evidence of good faith and a desire to save respondents as well as appellant from unnecessary loss.

Some cases are cited by respondents which, it is claimed, support the view of the lower court, but upon examination they appear disappointing and inadequate for the purpose.

In *Eyster* v. *Parrott,* 83 Ill. 517, it seems the only waiver related to "the right to demand a forfeiture of the work already done," and the court allowed the defendant the dam-

ages which he had suffered by reason of the delay in completing the building.

The question of the right to recover damages for delay did not arise in *Paddock* v. *Stout*, 121 Ill. 571, [13 N. E. 182] , *Tidwell* v. *Southern Engine etc. Works*, 87 Ark. 52, [112 S. W. 152, 154], or *Stiewel* v. *Lally*, 89 Ark. 195, [115 S. W. 1134].

The right to recover damages for delay was recognized in *Davis* v. *Fish*, 1 G. Greene (Iowa), 406, [48 Am. Dec. 387], but it was held that certain considerations were too remote and speculative to be regarded in determining the loss. Therein it was stated: ''But the rule is settled beyond question that if a job of work is of some use and value to the employer, or vendee, though improperly done, or is not within the stipulated time, still the workman or vendor is entitled to recover as much as the work is reasonably worth, making such reasonable allowance as the circumstances may require. . . . In connection with this point it may be appropriately observed, that in case of a breach of such specific contract if the injured party can protect himself from damage, he is bound to do so if practicable, at a moderate expense or by ordinary efforts; and he can charge the delinquent party for such expense and efforts only, and for the damages which could not be prevented by the exercise of such diligence.''

The decision in *Medart Pulley Co.* v. *Dubuque etc. Mill Co.*, 121 Iowa, 244, [96 N. W. 770], turned upon an agreed settlement of the claim for damages evidenced by a complete payment, but it was held that partial payment and acceptance alone did not constitute a waiver of the claim.

*Baldwin* v. *Foss*, 71 Iowa, 389, [32 N. W. 389], decided that ''if a note that has been obtained by fraud is voluntarily paid by the maker with full knowledge of all the facts he cannot recover the amount so paid.'' The soundness of that decision could hardly be questioned.

In *Reid* v. *Field*, 83 Va. 26, [1 S. E. 395], it was held that defendant by executing his note for the full amount due had waived his claim for an equitable setoff for damages caused by the delay in delivering the merchandise.

The gist of the decision in *Sirch Electrical & T. Laboratories* v. *Garbutt*, 13 Cal. App. 435, [110 Pac. 140], was to the effect that having accepted the work, knowing it was defective, and having paid for it, the defendant could not

recover the money paid.   The point involved herein was not considered in that case.

A question similar to the one before us arose, however, in the subsequent case of *Machinery & Electrical Co.* v. *Young Men's Christian Assn.,* 22 Cal. App. 416, [134 Pac. 724], and the same court declared: ''It is well settled that an owner may receive and use a structure built for him by a contractor without necessarily waiving his right to offset damages occasioned by defects or imperfect completion against the contract price.''

It will be noticed that none of the cases cited by respondents is directly in point.   As to those holding that full payment constitutes a waiver of damages for delay, it may be said, also, that the weight of authority seems to be the other way. We content ourselves as to this with a citation of the cases appearing in appellant's brief: *Johnson* v. *North Baltimore B. Glass Co.,* 74 Kan. 762, [11 Ann. Cas. 505, 7 L. R. A. (N. S.) 1114, 88 Pac. 52] ; *Industrial Works* v. *Mitchell,* 114 Mich. 29, [72 N. W. 25] ; *Clydebang etc. Co.* v. *Castenada* [1905], App. Cas. 6 (decided by the house of lords) ; *North Alaska Salmon Co.* v. *Hobbs, Wall & Co.,* 159 Cal. 380, [35 L. R. A. (N. S.) 501, 113 Pac. 870, 120 Pac. 27] ; *Gilmore* v. *Williams,* 162 Mass. 351, [38 N. E. 976].

There is, indeed, a sentence in the opinion of this court in *Mannix* v. *Wilson,* 18 Cal. App. 595, 601, [123 Pac. 981], that seems encouraging to respondents, but if read with the context it will not be so understood.

As to whether time was of the essence of the contract there would seem to be little doubt in view of the positive agreement that the boat was to be completed ''two weeks after arrival of engine but in no event later than June 1, 1914.'' But, as pointed out by appellant, this does not affect the question involved herein, but only the consideration whether one party can regard the contract as broken or forfeited by the failure of the other to perform on the specific day.   Even if time is not of the essence, the aggrieved party is entitled to just compensation for the delay.   (Civ. Code, sec. 1492.)

We do not mean to hold that it may not be shown that appellant waived its claim for any damage in consequence of the delay, but we are satisfied that the facts found by the court below are not sufficient to justify such conclusion.

In the event of another trial, if respondents claim a waivei they should set it up with due formality by permission of the court, that the issue may be unquestionably presented for determination.

The judgment is reversed.

Chipman, P. J., and Hart, J., concurred.