[Civ. No. 2693. Second Appellate District, Division One.—February 21, 1920.]

## SUSAN B. SUMMERS, Appellant, y. L. F. S. SYNDICATE (a Corporation), et al., Respondents.

[1] BUILDING CONTRACTS — NONCOMPLIANCE WITH CONTRACT — ACTION AGAINST CONTRACTOR AND SURETIES—STATUTE OF LIMITATIONS.— An action by the owner against the contractor, as principal, and its sureties to recover on the contractor's bond for damages suffered by reason of the failure of the contractor to comply with the terms of the contract, being founded upon a contract in writing, is not barred by the statute of limitations if commenced within four years from the time when the cause of action accrued.

[2] ID.—SUFFICIENCY OF ALLEGATION OF DAMAGE SUFFERED.—Where the complaint in such action, after alleging that the contractor did not furnish the quality and quantity of material provided for, and did not construct the buildings in a good, substantial, and workmanlike manner, and did not perform the contract in sundry particulars which are set forth in detail, alleges that by reason of the failure of the contractor to comply with the terms of the contract as set forth in the complaint, the plaintiff has suffered loss and damage in a given sum, no part of which has been paid, the damages are alleged with sufficient particularity.

[3] ID.—NOTICE TO SURETIES OF DEFAULT — PLEADING.—Where such complaint alleges that the plaintiff "has done and performed all of the terms and conditions of the said bond upon her part to be done and performed," this is a sufficient allegation to carry the implication that immediate notice of the default of the contractor was given to the sureties as provided in their bond.

[4] ID.—FILING OF NOTICE OF COMPLETION—UNDERSTANDING AS TO DEFECTS—RELEASE OF CONTRACTOR AND SURETIES.—The rule that the filing by the owner of a notice of completion, if voluntarily and unconditionally done, constitutes an acceptance of the work and operates to release the contractor and his sureties from liability under their contract is not applicable where the defects are not apparent at the time when the notice of completion is filed, and the notice of completion is given under a distinct understanding that, as to the defects complained of, there was no acceptance.

[5] ID.—ACCEPTANCE OF WORK—RIGHT TO RECOVER DAMAGES FOR DEFECTS.—A mere acceptance, without more, does not preclude the owner from showing that the work was done in an unworkmanlike

5. Use of structure or work by owner as constituting waiver of nonperformance of working contract, note, 15 Ann. Cas. 972.

manner and from maintaining an action for damages or recouping damages therefor, especially where the defects were latent, or where the owner could not reasonably do otherwise than accept the situation in which the contractor had placed him; and in such cases the owner may recover notwithstanding he has paid the contract price; and, of course, if the acceptance of the work is expressly on condition that the builder remedy certain defects therein, the owner is not precluded from claiming damages for such defects.

APPEAL from a judgment of the Superior Court of Los Angeles County. Grant Jackson, Judge. Reversed.

The facts are stated in the opinion of the court.

M. M. Meyers for Appellant.

Frank Bryant and R. L. Horton for Respondents.

CONREY, P. J.—Following an order which sustained the demurrer of defendants to the second amended complaint without leave to amend, the court entered judgment dismissing the action, from which judgment the plaintiff has appealed.

On the fourth day of February, 1914, the plaintiff Summers, as owner, and the defendant L. F. S. Syndicate, as contractor, entered into a contract for the construction of a two-story residence building and a cottage on two adjoining lots of the plaintiff in the county of Los Angeles. On the same day the contractor, as principal, and the defendants McLeod and Elliott, as sureties, executed a contractor's bond to secure the faithful performance of its agreement by the contractor. It was provided in the bond "that if said principal shall in any manner default in the performance of any matter or thing in said contract specified to be by said principal performed, or in the event of said principal abandoning the work provided by said contract to be done by said principal, the obligee shall immediately so notify the sureties and thereafter the sureties shall have the right at their option to assume and sublet said contract and to proceed thereunder as if no default or abandonment had occurred." In this action the plaintiff seeks to recover on the bond in the sum of one thousand eight hundred dollars damages suffered by plaintiff by reason of failure of the

contractor to comply with the terms of the contract. The complaint duly sets forth the execution of the contract and undertaking. It is then alleged that in constructing said buildings the contractor did not furnish the quality and quantity of material provided for, and did not construct the buildings in a good, substantial and workmanlike manner, and did not perform the contract according to agreement in sundry particulars which are set forth in detail. These details include many items which amount to more than trifling imperfections in the structure and which necessarily imply substantial defects in the buildings as constructed. It is then alleged that on or about April 27, 1914, the contractor represented to the plaintiff that the buildings were completed and requested the plaintiff to file the notice of completion provided for in section 1187 of the Code of Civil Procedure; that plaintiff informed the defendant that there appeared to be some imperfections and some things lacking of the completing of said buildings, and the defendant thereupon represented that said imperfections were but trivial, and agreed that the said imperfections should and would be corrected by the defendant with due diligence, and that the filing of such notice of completion would not be deemed an acceptance of the buildings as to such trivial imperfections, nor as to any defects or imperfections which might thereafter appear; that plaintiff relied upon such representations by the defendant and the agreement aforesaid, and did on the first day of May, 1914, cause the notice of completion to be filed of record; that all of the imperfections and defects set forth in the complaint appeared after the filing of the notice of completion; that by reason of these facts the defendants are estopped from claiming or asserting that the filing of the notice of completion was an acknowledgment of the full performance of the contract or that plaintiff has accepted said buildings as fully completed according to the terms and conditions of the contract; that none of the imperfections and defects above set forth have been corrected and the same continue to exist. The contract provided that if, at any time, the owner shall be dissatisfied with any particular feature of the work done upon the buildings, "she shall report the same to the contractor, and any payment thereafter due, and paid under the terms hereof to said contractor,

shall not be construed as an acceptance of such portion of said structures, or either of them, as may not conform to the plans and specifications." It is alleged that from time to time plaintiff was dissatisfied with the portions of said work as specified in the complaint and did report the same to the contractor.   Paragraph X alleges: "That plaintiff notified the defendants H. W. McLeod and W. H. Elliott, sureties upon the said bond, of the default of the defendant L. F. S. Syndicate, concerning the matters and things in said paragraph V hereof, set forth as provided in said bond and has done and performed all of the terms and conditions of the said bond upon her part to be done and performed." Finally, it was alleged that there is one thousand eight hundred dollars difference between the value of said buildings as actually constructed and as they should have been constructed pursuant to said contract and the drawings and specifications aforesaid; and that by reason of the failure of the contractor to comply with the terms of the contract as set forth in the complaint, the plaintiff has suffered loss and damage in said sum of one thousand eight hundred dollars, no part of which has been paid.

The demurrer was upon the grounds that the complaint does not state facts sufficient to constitute a cause of action; that the action appears to be barred by section 339 of the Code of Civil Procedure, and that the complaint is uncertain in certain particulars to which we shall refer.

[1] The action is founded upon a contract in writing and, therefore, is not barred by the provisions of said section 339 of the Code of Civil Procedure, since it was commenced within four years from the time when the cause of action accrued.

[2] Respondents claim that the complaint is uncertain in that it does not attempt to segregate the various items of damage according to the amounts of damage severally caused by the items stated constituting the various alleged imperfections in the buildings; that it merely fixes the total amount of damages without indicating the process by which the plaintiff arrives at that amount of damages. We think that the damages are alleged with sufficient particularity. In *Long Beach etc. District* v. *Dodge,* 135 Cal. 401, [67 Pac. 499], the action was to recover on a bond given by the con-

tractor for the construction of a high school building. The court held that it was not necessary to state in the complaint a cause of action as to each of the defects in the building on account of which the plaintiff sought to recover; that the Code of Civil Procedure, in section 454, has provided against surprise by requiring the plaintiff to furnish, when demanded in writing, a copy of the account; that the words "the account" in that section include such damages as those stated in the case. (See, also, *Jensen* v. *Dorr,* 159 Cal. 742, 746, [116 Pac. 553].)  [3]  Another ground of demurrer for uncertainty upon which respondents rely is that the undertaking required that upon any default by the contractor in the performance of the contract, the owner must immediately notify the sureties thereof, and that the complaint does not show that sufficient notice was given to the sureties of the alleged defects and imperfections when they occurred. But it will be noted that the complaint alleged not only that the plaintiff notified the sureties of the default of the defendant concerning the matters in question, but also alleged that the plaintiff "has done and performed all of the terms and conditions of the said bond upon her part to be done and performed." This was a sufficient allegation to carry the necessary implication that immediate notice was given as provided in the bond. (Code Civ. Proc., sec. 457.)

[4]  Respondents further claim that, by accepting the buildings, the plaintiff released them from further liability upon the contract or undertaking. That the filing of the notice of completion, if voluntarily and unconditionally done, would have constituted an acceptance of the buildings and would have operated to release defendants from liability, may be conceded. *Sirch E. & T. Laboratories* v. *Garbutt,* 13 Cal. App. 435, [110 Pac. 140], was an action by a contractor to recover on a construction contract, in which action the defendant sought to establish a counterclaim which included items for loss occasioned by delay in the work and by failure to complete some parts of the contracted work. There had been an acceptance, and, on account of such acceptance, the defendant's claim was disallowed. The judgment was affirmed, the court saying: "The defendant with full knowledge of all the defects in the work accepted and paid for it, and he thereby waived his claim for damages."

So, in *Mannix v. Wilson*, 18 Cal. App. 595, 601, [123 Pac. 981, 983], it was said: "Moreover, the acceptance of the building, in the absence of fraud or mistake, neither of which is urged, implies a waiver of any claim for damages on account of nonperformance in any particular." But, under the allegations of the complaint in the case at bar, it appears that at least some of the defects in question were not apparent at the time when the notice of completion was filed, and that the notice of completion was given under a distinct understanding that, as to the defects referred to in the complaint, there was no acceptance. This is sufficient to take the case out of the general rule above stated. [5] According to various authorities cited in 9 Corpus Juris, page 802, "a mere acceptance, without more, does not preclude the owner from showing that the work was done in an unworkmanlike manner and from maintaining an action for damages or recouping damages therefor, especially where the defects were latent, or where the owner could not reasonably do otherwise than accept the situation in which the contractor had placed him; and in such cases the owner may recover notwithstanding he has paid the contract price; and of course, if the acceptance of the work is expressly on condition that the builder remedy certain defects therein, the owner is not precluded from claiming damages for such defects."

The brief for respondents is encumbered by sundry references to another action said to have been prosecuted by the plaintiff against the defendants and on account of which respondents claim that the plaintiff is bound by her election of remedies and should not be permitted to maintain this action. Since none of these matters appears in the record of this action, counsel have only succeeded in creating difficulties for the court in the consideration of their argument. Necessarily these impertinent matters have to be disregarded, except for the purpose of criticising counsel for presenting them.

The judgment is reversed.

Shaw, J., and James, J., concurred.