### THE ANDREW LOHR BOTTLING COMPANY

*v.*

### THOMAS FERGUSON.

*Opinion filed October 23, 1906.*

1. BUILDING CONTRACTS—*provision for final payment construed.* A clause of a building contract providing that final payment shall be due "within ten days" after the building is completed and after the furnishing of a satisfactory certificate that the premises, "at the present time when payment is made," are free from all liens and charges, gives the owner the right to tender payment at any time within ten days after completion of the building, and he cannot be put in default before that time, but it does not require that the certificate be furnished ten days before payment is demanded.

2. SAME—*when compliance with condition precedent is waived.* One having the right to insist upon compliance with a condition precedent to the payment of money or other performance upon his part, waives the condition precedent by a total denial of liability or by placing his refusal to perform upon grounds other than non-compliance with such condition.

3. SAME—*when action of architect is final.* Where parties to a building contract agree to submit all questions arising during the construction of the building to the decision of the architect, to make the payments upon his certificate and final payment after his acceptance of the building and final certificate, the acceptance of the building by the architect and his certificate are binding upon the parties unless fraud or mistake can be shown.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Alexander county; the Hon. WILLIAM N. BUTLER, Judge, presiding.

An action of assumpsit was brought by appellee against appellant to recover a balance alleged to be due upon a written contract for the erection of a factory building in Cairo, Illinois. The case was tried in the Alexander county circuit court and the jury rendered a verdict for appellee for $5485.74, the full amount claimed, with all charges for extra work, and interest. Appellee entered a *remittitur* for $135.74, which was the amount of interest the jury had allowed on extras. Appellant made a motion for a new trial, which was overruled, and the court rendered judgment against it for $5350 and costs. Appellant prosecuted an appeal to the Appellate Court for the Fourth District, where the judgment was affirmed, and by further appeal the judgment is brought to this court for review.

The first count of the declaration declares on the contract, and there is also a count upon a *quantum meruit* and a common *indebitatus* count. A plea of the general issue was filed by appellant and the following stipulation entered into: "It is hereby stipulated and agreed between the parties to this lawsuit that all objections to the declaration are waived and all competent and proper evidence to prove the plaintiff's case may be introduced under the said declaration. And it is further stipulated and agreed that the defendant shall file a plea of the general issue, and it may introduce any proper and competent evidence under the general issue the same as if special pleas had been filed."

The contract price to be paid the appellee was $19,385, which sum was to be paid in six installments of different amounts. In the declaration appellee admitted that the first four installments and one-half of the fifth had been paid. He seeks to recover the balance of the fifth, amounting to $2000, and all of the sixth. He makes charges for certain extras added and gives credit for certain things omitted and some material furnished by appellant, and claims a balance due of $5120.41, with interest.

The contract provided that appellant should be at liberty to order any variations from the drawings or specifications, or otherwise, and that such variations should not vitiate the contract, but that the difference in cost should be added to or deducted from the consideration of the contract, as the case might be, the cost of said variations to be agreed upon and signed by the owner and the contractor before the work proceeded; that appellee should make no claim for any extra work unless such work had been done in accordance with a written order; (this provision, however, appears to have been waived by both parties;) that the architects should have power to extend the time of completion on account of such variations, and if the appellee should fail to complete the work, including all variations, within the time agreed upon, then appellee should forfeit and pay to appellant the sum of $10 per day for each day the building remained incompleted after the agreed time for completion, as liquidated and ascertained damages; that should appellee be obstructed or delayed in the prosecution or completion of the work by act of the appellant or from other causes beyond control of appellee, then the time for the completion of the work should be extended for a period equal to the time so lost; also "should any dispute arise respecting the true construction and meaning of the drawings and specifications, the same shall be decided by the architects, and their decision shall be final and conclusive." After providing for the number and amount of the various payments and the time at which they should be paid, the contract provides: "The balance of thirty-eight hundred and seventy-seven dollars ($3877) to be paid within ten days after the building is completed and finished according to the plans and specifications, in a good, true and workmanlike manner and to the satisfaction of the architects, and after a satisfactory certificate has been obtained to the effect that the estate or building upon or for which the work is done is, at present time when payment is made, free from all mechanics' liens

and other claims chargeable upon said building or estate, incurred by the party of the first part," appellee.

Kelly & Kusener were made supervising architects and they drew the plans and specifications, which were made a part of the contract. The following clause is found in the specifications and is to be treated as part of the agreement: "All material delivered or work erected not in accordance with the plans and these specifications must be removed at the contractor's expense without delay, and replaced with the material or work satisfactory to the architects at any time during the progress of the work; or in case the nature of the defect shall be such that it is not expedient to have it corrected, the architects shall have the right to deduct such sums of money as considered a proper equivalent for the difference in the value of the materials or work from that specified, or damage to the building, from the amount due the contractor on the final settlements of the accounts."

The building was to be completed within one hundred days from the signing of the contract. Appellee claimed that he lost one hundred and ten days by delays occasioned without fault on his part, and completed the building April 28, 1902. The certificate for the payment of the fifth installment, amounting to $4000, was presented to Mr. Becker, president of appellant, February 20, 1902, and in the following April he paid one-half of it and promised to pay the balance in a short time afterwards, but failed to do so. In May, 1902, Kusener made a careful examination of the work and found the building practically completed, except a few things of minor importance not yet finished and a few places where the workmanship did not come up to the specifications. On May 17, 1902, he made a report to Becker that the defects were of little or no consequence, and that they would not affect the value of the building or impair its strength or durability. On May 29, 1902, he notified Becker that the defects mentioned in his report of May 17, 1902, had been remedied and that there was no reason for delaying

the acceptance of the building, and suggested that a day be appointed for settlement. No reply was received to his letter and no settlement was had. On April 2, 1903, Kusener made the following certificate of the completion of the work, which was served on Becker April 28, 1903:

"Cairo, Illinois, *April 2, 1903.*

*"To the Andrew Lohr Bottling Company and all others whom this may concern:* This is to certify that Thomas Ferguson has completed and finished, according to plans and specifications and changes made by agreement between the Andrew Lohr Bottling Company and the said Thomas Ferguson, in a good, true and workmanlike manner and to the satisfaction of us, the architects, the building which the said Thomas Ferguson agreed to erect under agreement of date of October 1, 1901, between the said Ferguson and the Andrew Lohr Bottling Company, for the said Andrew Lohr Bottling Company, and that the said building is free from all mechanics' liens and other claims chargeable upon the building or estate of the Andrew Lohr Bottling Company incurred by the said Thomas Ferguson. Kelly & Kusener, *Architects."*

Lansden & Leek, and David S. Lansden, for appellant.

Reed Green, and Gilbert & Gilbert, for appellee.

Mr. Justice Vickers delivered the opinion of the court:

*First*—Appellant contends that the suit was brought prematurely. This is based on the provision of the contract above quoted, which provides that the balance shall be due within ten days after the building is completed, and after a certificate that the premises are "at the present time, when payment is made, free from all mechanics' liens and other claims chargeable upon said building or estate, incurred by the party of the first part." Appellant contends that this certificate should have been presented ten days before the suit was brought, when, in fact, it was only served two days before the commencement of this action. Under this clause of the contract appellant had the right to tender the payment and demand the certificate of freedom from liens at any time *within* ten days after the completion of the building,

but appellee could not compel payment until the last day. The payment here was to be made *within* ten days, and not after the expiration of the whole time. The use of the word "within" requires the performance to be within the time designated. A legal tender could have been made on the first day or any subsequent day within the ten day limit, but appellant could not be put in default until the close of the last day. The certificate that the premises were free from liens was properly tendered when the payment was demanded. The contract does not contemplate that the certificate of freedom from liens should be made ten days before payment. The language employed in respect to this certificate means that appellant was to have the assurance that the premises were clear of all liens at the time the money was paid. If ten days were to elapse between the making of the certificate and the payment, liens might be acquired or filed after the certificate and before payment. The parties appear to have carefully provided against this contingency by requiring the certificate to show that the premises were free from liens at "the present time of payment."

There is, however, another conclusive answer to this contention. · Appellee contends, and the contention is supported by the evidence and the finding of the Appellate Court, that even if appellant's construction of this clause of the contract be granted, appellant had waived its right to raise that question by its unconditional denial of liability on other grounds. There can be no doubt of the rule that a party having a right to insist upon a condition precedent to the payment of money or other performance on his part will waive the condition precedent by a total denial of liability or by placing his refusal to perform on other grounds. This rule has often been applied to contracts of insurance; but it is a salutary and well established rule of the common law, the application of which to all contracts will effect justice and cut off subsequently discovered excuses for the violation of contract engagements.

*Second*—Appellant contends that under the contract the architects were not constituted the final judges in any matter pertaining to this building except as to the true meaning and interpretation of the plans and specifications. We have set out such parts of the contract and specifications in the statement preceding this opinion as appear to have a bearing on this contention. There is no general clause in the contract expressly making the acceptance of the building by the architects binding on appellant. Such power, if it exists at all, is to be gathered from a consideration of the whole contract. The contract provides that the building is to be finished "according to the plans and specifications and in a good and workmanlike manner and to the satisfaction of the architects." In another clause it is provided "that should any dispute arise respecting the true construction and meaning of the drawings and specifications, the same shall be decided by the architects, and their decision shall be final and binding." The last clause of the contract is as follows: "The party of the first part is to procure certificates of payment from the architects." In the specifications, which are referred to and made a part of the contract, is found the following: "Any material delivered or work erected not in accordance with the plans and these specifications must be removed at the contractor's expense without delay, and replaced with the material or work satisfactory to the architects at any time during the progress of the work; or in case the nature of the defect shall be such that it is not expedient to have it corrected, the architects shall have the right to deduct such sums of money as considered a proper equivalent for the difference in the value of the materials or work from that specified, or damage to the building, from the amount due the contractor on the final settlements of the accounts."

With these several provisions in the contract, the court below, by instructions to the jury, construed the contract as making the architects the final judges as to whether the

building was constructed according to the plans and specifications. This ruling was correct. No other reasonable construction can be placed on the contract when all of the provisions of it are construed together. By accepting the certificates of the architects and making payments thereon after many of the defects now complained of existed in the building, the parties themselves have placed the same construction on the contract that the court below did, and it is now too late to depart from that construction and insist on another, even if the language of the contract did lend a colorable plausibility to the contention. When parties to a contract have agreed to submit all questions to the decision of an architect or other umpire and to pay upon his certificate of performance, his acceptance and certificate are final and binding unless fraud or mistake can be shown. (*McAuley* v. *Carter*, 22 Ill. 53; *Downey* v. *O'Donnell*, 92 id. 559; *Hennessy* v. *Metzger*, 152 id. 505; *Pacaud* v. *Waite*, 218 id. 138.) Appellant makes no attempt to impeach the certificate of the architects for fraud or mistake, but proceeds on the theory that the certificate of the architects was not final.

There was no error in the construction placed on this contract by the court below, and what has been said here disposes of the criticisms made on instructions numbered 15 and 27, and they need not be further considered.

*Third*—It is contended by appellant that under the declaration averring performance of the contract appellee can not avail himself of a waiver. The stipulation under which the case was tried was broad enough to allow proof of a waiver even if the law required the appellee to allege a waiver.

*Fourth*—Much evidence was offered on the trial and many instructions given at the instance of both parties respecting the question whether or not appellee had performed the contract substantially according to the plans and specifications, and in this court both parties have presented elab-

orate briefs and arguments on the questions thus raised. In view of the construction already placed on the contract as to the power of the architects, under the contract, to determine authoritatively all these questions, and they having decided that the building was completed in substantial compliance with the contract, and since the appellant does not charge that the architects were guilty of fraud or committed any mistake, we regard all these questions as irrelevant and immaterial. Hence we do not deem it necessary to discuss them.

There being no reversible error in the record the judgment is affirmed.                   *Judgment affirmed.*