JAMES E. STEELMAN, DEFENDANT IN ERROR, v. ROBERT B. LUDY, PLAINTIFF IN ERROR.

Argued November 10, 1908—Decided February 23, 1909.

Where a building contract required a building to be erected "under the direction and to the satisfaction of the architect," and payments thereon to be made "on written certificate of the architect," and it appeared that the owner had gone into possession of the building and for over a month had remained in possession without objecting to the character of the work, and upon presentation to him of a bill for the balance due on the contract, had repeatedly promised to pay, but pleaded only want of funds, and made no objection to the work, or the failure of the builder to produce the certificate—*Held*, that it was a question for the jury to determine whether under the facts the defendant had not waived the production of the certificate, and the consent of the architect, required by the contract.

On writ of error to the Atlantic County Circuit Court.

Before Justices REED, BERGEN and MINTURN.

For the plaintiff in error, *Thompson & Cole.*

For the defendant in error, *Garrison & Voorhees.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff entered into a written agreement with the defendant to make certain alterations in the Hotel Elberon at Atlantic City. The contract was dated on

October 10th, 1906, and the plaintiff by its terms agreed to complete the work by the 1st day of March, 1907. The work was to be done "under the direction and to the satisfaction of the architect" and payments made on "written certificates of the architect." The plaintiff alleged completion of the contract about March 27th, 1907, and instituted this suit to recover the balance due on the contract, to which claim the defendant pleaded that the plaintiff had failed to produce the architect's certificate, and that the work had not been done to the satisfaction of the architect as required by the contract. The plaintiff in his replication alleged that the work was done to the satisfaction of the architect; that the certificate was withheld in fraud, and that its production was waived. Upon this issue at the trial it appeared that the building was completed about the 27th of March, 1907; that thereafter the architect and defendant went over the work; that certain changes were ordered by the defendant in the bathroom glass, and that when these were made the building was turned over to defendant, who accepted it. In the following May the plaintiff presented his bill for the balance due to the architect for his approval, but as the bill contained some items ordered by the defendant, the architect suggested that the bill be presented to defendant, who, subsequently, upon presentation of the bill, examined it and said, "I had the money and have used it elsewhere; I thought you didn't want it." Payment by the delivery of a promissory note was discussed, but finally defendant stated that he intended to raise a mortgage and would pay the plaintiff during July. In July the defendant pleaded inability to procure the money, and requested plaintiff to wait until September. The omissions from the contract upon which a claim for incompleteness of the work was based were some minor electrical details, testified to by the architect and an electrician, to which defendant's attention had not been called, and which he never noticed, although he had been in possession of the house for some time. Substantially upon this state of facts the court allowed the case to go to the jury and refused defendant's request to direct a

verdict. The action of the court in this regard, under the testimony, was clearly correct under the doctrine announced in *Byrne* v. *Sisters of St. Elizabeth,* 16 *Vroom* 213, where it is said: "Where, in such a suit, a complete or substantial performance of the contract appears, the purpose of a certificate as evidence of that fact being otherwise supplied, slight evidence of a waiver is sometimes permitted to go to the jury, rather than turn a meritorious case out of court." It was further declared in that case that a waiver may be established "by express words, or may be inferred from such acts, conduct or declaration of the employer as are inconsistent with the purpose of exacting performance, and the question of waiver is one of fact for the jury." *Id., p.* 215; *Bozarth* v. *Dudley,* 15 *Vroom* 304.

From the facts proved in this case, including the acceptance and possession of the building by the defendant, and his repeated and unconditional promises to pay the plaintiff the balance due on the contract, it was competent for the jury to infer that the requirements of the contract, as to the production of the architect's certificate and evidence of his satisfaction with the work as completed, had been waived by the conduct and the tacit admission of the owner. 9 *Cyc.* 777, and cases cited.

We conclude, therefore, that the judgment should be affirmed.