## John Masek, Appellee, v. Anastazie Chmelik, Appellant.

## Gen. No. 16,502.

1. CONTRACTS—*when architect's certificate not essential to recovery.* Where the refusal of the owner to pay was based on other ground than the failure to produce a written certificate the certificate is deemed to have been waived.

2. CONTRACTS—*when architect's certificate waived.* If issuance of the certificate was refused because the owner directed its non-issuance it will be deemed to have been waived as a prerequisite to recovery against such owner.

3. APPEALS AND ERRORS—*when findings by master not disturbed.* The findings of fact by a master approved by the court will not be disturbed on appeal unless clear mistake or fraud is shown.

Appeal from the Superior Court of Cook county; the HON. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 19, 1912.

NOVAK & POLLOCK, for appellant.

DUNN & HAYES, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

The bill in this case was filed by John Masek, appellee, against the appellant, Anastazie Chmelik, and sets forth that Masek was a carpenter, and on the 30th day of March, 1905, he entered into a written contract to furnish certain portions of the work and materials in and about the construction of a two-story and basement building, for which he was to be paid the sum of $3550, on certificates of Otto Kerner, superintendent; that he went forward under the contract and completed the building in a good and workmanlike manner; that he performed extra work at the request of the appellant; and that the value of said extra work was $148.82, and alleges a balance due him of $283.32.

Appellee also filed an amendment to his bill, in which he alleges that Kerner, the superintendent, in refusing to issue certificates fraudulently combined with the defendant, appellant, so to do for the wrongful purpose of defeating the claim of appellee without just cause.

Appellant filed her answer to the bill, in which she admits making the contract alleged but denies that appellee furnished material and did all the work and completed the building as set out in the contract and specifications; she denies that the work was done in a workmanlike manner, and charges the contrary to be the fact, and sets forth particular items in which appellee has deviated from the plans and specifications; she denies that there is anything due under said contract, and that she accepted the building as finished and completed; denies that the building was completed on October 21, 1905, and alleges that appellee failed to follow the superintendent's instructions, and that the superintendent was dissatisfied with the work and refused to issue a certificate; alleges that appellee failed to get a certificate from the superintendent, cer-

tifying that the work was properly done, and alleges that there is nothing due under the contract.

The cause was referred to a master to take proofs and report the same together with his conclusions to the court.

The master made his report and recommendations, finding that the contract was made as alleged in the bill; that all the material and labor contracted for was substantially performed, and the work fully completed on or before July 31, 1905; and the master also finds in his report the various items for extras claimed by the complainant, appellee, and recommends that a decree be entered in favor of appellee for $271.82.

The court overruled exceptions to the master's report on hearing and entered a decree confirming the master's finding for the amount recommended in his report.

The chief ground urged in the briefs of appellant for a reversal of the decree is that the proof fails to show that appellee obtained the superintendent's certificate for the final payment on the building; and it is urged that by the contract the decision of the superintendent should be binding upon the parties, and that therefore nothing was due to the appellee until he obtained the certificate of the superintendent for the amount due him under the contract for work done.

The evidence shows that no certificates were required during the progress of the work from the superintendent, but payments were made without regard to written certificates. The evidence clearly affords a ground for the conclusion that the requirements of the contract to the effect that payments were to be made upon certificates of the superintendent, were waived by the parties.

It further appears that several letters were written by the superintendent to appellee informing him that appellant would not pay the amount due to him, or

any sum whatever, for the reason that he had not performed the contract and denying that any sum was due him. Under such circumstances, where the refusal of the appellant to pay was based upon other grounds than the failure to produce a written certificate, the certificate is deemed to have been waived. Andrew Lohr Bottling Co. v. Ferguson, 122 Ill. App. 270, affirmed, 223 Ill. 88; Fitzgerald v. Benner, 120 Ill. App. 447, affirmed, 219 Ill. 485.

In our opinion, no certificate of the superintendent was necessary to a recovery here; indeed, if we are to look only to the abstract, as we are entitled to do, there is no contract abstracted which requires such a certificate as a condition precedent to payment. Appellant, the owner, waived a written certificate of the superintendent by refusing to pay on other grounds. It is evident from the record that the certificate was withheld because the owner had directed the superintendent not to issue it. Under such circumstances it would be deemed waived. Fitzgerald v. Benner, *supra*.

In our opinion, the decree of the court is supported by the evidence. The findings of the master in chancery who saw and heard the witnesses, and whose report has been confirmed by the chancellor and the decree entered in accordance therewith, will not be disturbed on appeal unless clear mistake or fraud is shown. This does not appear in the case at bar. Siegel v. A. H. Andrews Co., 181 Ill. 350; Kohlsaat v. Bank, 102 Ill. App. 110. The decree is affirmed.

*Affirmed.*