[Civ. No. 1614.   Second Appellate District.—February 2, 1917.]

## G. S. KLING et al., Respondents, v. JOSEPH BUCHER, Appellant.

BUILDING CONTRACT—PAYMENTS WITHOUT ARCHITECT'S CERTIFICATES—
WAIVER OF REQUIREMENT AS TO FINAL PAYMENT.—Where a property owner in making installment payments under a building contract disregards the requirement that architect's certificates shall be first produced, he thereby waives such requirement as to the final payment. .

ID.—RECOVERY BY CONTRACTOR—CERTIFICATE OF ARCHITECT—WHEN NOT
REQUIRED.—Where a building is completed according to contract and the architect refuses his certificate, the contractor may recover, notwithstanding the provision in the contract that payment shall be made only upon production of the certificate.

APPEAL from a judgment of the Superior Court of San Bernardino County.   Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Ralph E. Swing, for Appellant.

Frederick Baker, and Curtis & McNabb, for Respondents.

JAMES, J.—This is an appeal from the judgment entered against the defendant.   The action was to recover the sum of $4,726.51, alleged as an unpaid balance due from the defendant to the plaintiffs upon a contract for the erection of a hotel building in the city of San Bernardino.   Various installment payments were made to the contractors while the building was in course of construction, amounting to $52,350.   The contract provided that no payment should be made except upon the production of the certificate of the architect, and the contention of the appellant is that, not only was there a failure on the part of the plaintiffs to show that the building had been constructed as required by the specifications, but that there was a failure also to produce an architect's certificate evidencing the fact of final completion and the right of the plaintiffs to receive complete payment.   The court upon sufficient evidence, as is disclosed by the bill of exceptions, found that there had been a substantial completion under the contract

and specifications, and the appellant, therefore, must rest his claim for reversal of the judgment upon the fact that the plaintiffs failed to present the architect's certificate, which it is contended was a necessary prerequisite to the right to demand the money sued for. While the contract did specifically provide that the architect's certificate should be produced before any payment should be made on the work, it appears that the appellant, the owner, of his own motion, disregarded this requirement as to all of the payments, except the last, and that he made seventeen payments without any objection to the lack of a certificate. The supervision architect testified: "I prepared the first certificate and handed it to Mr. Bucher. He said: 'I have already given the money.' I didn't think much about that, and the next time I brought the certificate he told me he had paid that money and something ahead. I said, 'this is peculiar if you are going to pay checks without the certificates,' and I thought if Mr. Bucher was going to keep making these payments, I wouldn't draw the certificates, and from that time on I drew no further certificates. I am not positive I spoke to Mr. Bucher about it. He made this remark: 'They need the money, and I have it in the bank, and they might as well have it; I am not using it.' That is the understanding he gave me. He had the money and he wanted them to have it so they could be using it." We think these facts clearly show a waiver on the part of the owner of the requirement for the production of the architect's certificates, especially as the further fact was shown that he did not at the time he refused to make the final payment base his objections upon the failure of the contractors to furnish him with such certificate. The main controversy arose over the heating plant, which was shown by testimony to have been substantially completed according to specifications. However, it did not work satisfactorily, and the owner had changes made—a different burner installed; in fact, the final arrangement in regard to the heating plant was considerably different from that which was first constructed according to the plans. In *Knarston* v. *Manhattan Life Ins. Co.*, 140 Cal. 57, 63, [73 Pac. 740], speaking of the right of a party to waive a condition made for his benefit, the court said: "This waiver may be established by evidence of an express waiver, or by circumstances from which such waiver may be inferred." Laying aside the question of waiver for a moment,

there is another reason why appellant is not in a position to complain: The court found that there was a completion of the work, and in that case there was no legal ground left upon which an architect's certificate might be refused. Where a certificate is refused without cause, the contractor may not be forever debarred from collecting his money. This court so declared in *Machinery & Electrical Co. v. Young Men's Christian Assn.*, 22 Cal. App. 416, [134 Pac. 724], when it was said: "It may be admitted that where an architect refuses to issue a certificate to a contractor showing that the latter is entitled to be paid, where no substantial reason exists for such refusal, the contractor may recover the amount agreed to be paid, notwithstanding that the contract specifically provides that payment shall be made only upon the production of the certificate of the architect." Respondents suggest further that in order to avail the appellant of the objection based upon the failure of the architect to furnish the certificate, that objection should have been presented in the answer, and that the answer contains no averment of that kind. Under the view we have taken of the case, it is unnecessary to give any consideration to this point.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.