[L. A. No. 4674. In Bank.—March 5, 1920.]

# B. V. COLLINS, Respondent, v. ADOLPH RAMISH, Appellant.

[1] BUILDING CONTRACT—ARCHITECT'S CERTIFICATE—WAIVER.—The provision in a building contract requiring architect's certificates upon maturity of installment payments and upon final completion of the work is one for the benefit of the owner, which may be waived.

[2] ID.—WAIVER OF PRODUCTION OF CERTIFICATE—EVIDENCE.—The provision in a building contract requiring production of architect's certificate upon final completion of work is waived where the want of such certificate was never suggested as a ground for refusal of payment until upon a trial of a previous action brought long after the owner had taken possession it was made the basis of a motion for nonsuit, and the owner made the only progress payment that was made without such certificate or request therefor.

[3] ID.—INFERENCE OF WAIVER.—The necessary waiver may be inferred from such acts and conduct or declarations of the employer as are inconsistent with the purpose of exacting performance, and where the refusal of the owner to pay is based wholly upon other grounds than the failure to produce a written certificate of the architect, a waiver of that requirement may be inferred, especially where there is added a course of conduct during the progress of the work indicating that the owner ignores such a requirement, and there is a substantial performance by the contractor.

[4] ID. — SUBSEQUENT EFFORT TO OBTAIN CERTIFICATE — WAIVER NOT AFFECTED.—Waiver of the requirement of the architect's certificate upon final completion of work by failure to raise the objection until the trial of an action brought long after the owner had taken possession is not affected by the fact that subsequent to the trial the contractor sought a certificate and it was refused him.

[5] ID.—ACTION ON CONTRACT — SUBSTANTIAL PERFORMANCE — SUFFICIENCY OF EVIDENCE.—In this action to recover on a contract for marble and tile work done in a theater building, the findings upon the question of substantial performance are supported by the evidence.

[6] ID.—SUBSTANTIAL PERFORMANCE—DETERMINATION OF QUESTION.— The question of substantial performance is one to be determined in each case with reference to the existing facts and circumstances.

---

6. Recovery upon substantial performance of a building contract, notes, 134 Am. St. Rep. 678; 24 L. R. A. (N. S.) 327.

[7] ID.—ABANDONMENT OF FORMER ACTION—FINDING OF FACT.—In such action, a finding that a former action between the same parties involving the same subject matter, in which a judgment of nonsuit was entered, had been abandoned and was not pending in abatement of the action, was a finding of fact and not a conclusion of law, although placed among the latter.

[8] ID.—PENDENCY OF APPEAL—FINDING OF ABANDONMENT OF FORMER ACTION UNSUPPORTED BY EVIDENCE.—In view of section 1049 of the Code of Civil Procedure, which provides that an action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied, a finding that a former action had been abandoned and was not pending in abatement is erroneous where a judgment of nonsuit was entered therein, the plaintiff appealed, and such appeal had not been decided or dismissed, notwithstanding the appellant had practically abandoned it, and the judgment was one of nonsuit only, which could not operate as a bar to a second action.

[9] APPEAL—PENDENCY OF FORMER ACTION—ERRONEOUS FINDING—REVERSAL OF JUDGMENT—TRIAL OF ISSUE.—Where a finding that a former action was not pending was erroneous because of the pendency of an appeal taken therein, but the defense was very technical inasmuch as the appeal had been practically abandoned, the judgment will not be reversed with directions to dismiss the action, but a new trial ordered on the single issue of former action pending.

[10] ABATEMENT—PENDENCY OF FORMER ACTION—DISMISSAL—EFFECT OF.—A dismissal of a former action pending at the time of the commencement of a subsequent action made at any time before the trial of the latter action, or even before the conclusion of such trial, completely disposes of the plea of former action pending.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Reversed.

The facts are stated in the opinion of the court.

Alfred H. McAdoo and James E. Mahon for Appellant.

Kemp, Mitchell & Silberberg for Respondent.

ANGELLOTTI, C. J.—This action was brought by plaintiff, a contractor, to recover certain money alleged to be due from defendant on account of certain marble and tile work done in a theater building in Los Angeles belonging to defendant, which was then being constructed for said owner.

The complaint was in three counts, of which it is necessary to consider only one, the second, that being the count on which the action was tried and determined. The action was tried by the court without a jury and judgment was given for plaintiff in the aggregate sum of $1,830, with interest. This is an appeal by defendant from said judgment.

The claim of plaintiff was based upon a written contract of date July 21, 1911, by which he agreed to furnish the labor and materials necessary to complete the marble and tile work in accord with the specifications therefor, under the direction and subject to the approval of the architect, for $3,130, payable in installments. There was a provision that when any payment or installment became due, and at the final completion of the work, a certificate in writing shall be obtained from the architect stating the amount due. It was further provided that progress payments shall not be construed as an absolute acceptance of the work up to the time of the payment, "but the entire work is to be subject to inspection and approval of the architect at the time when it shall be claimed by the contractor that the contract and works are complete." The complaint (filed May 28, 1915) alleged that plaintiff fully completed said contract about January 10, 1912, all in accord with the plans and specifications. It did not allege the issuance of any certificate by the architect, and did allege substantially that said certificate was willfully and without just cause refused by the architect and under the direction of and in collusion with the owner. It further alleged that defendant, who took possession of the premises shortly after January 10, 1912, based his refusal to pay the balance of the contract price on the ground that there was a series of slight depressions in the tile floor, and on the further ground that some of the marble slabs did not match, and never objected on account of any failure of plaintiff to secure a certificate from the architect, but based his refusal solely on other grounds, and that defendant waived the production of any such certificate. No question was presented in the trial court as to the sufficiency of the allegation to present the issue of waiver, and the trial court found in accord with the allegations of the complaint in regard thereto. Defendant claimed that the contract was not substantially performed in that the tile flooring in the lobby was not properly laid and that the

marble work did not comply with the specifications. The trial court found that the plaintiff did substantially perform and complete all of the terms and conditions imposed on him by the contract; that the marble work as furnished by plaintiff complied completely with the requirements of the contract; that there are certain "depressions" in the tile floor, but that the tile floor as constructed substantially complies with the conditions of the contract and is a substantial performance thereof; and that "said tile floor is damaged by said trivial defects in the sum of three hundred dollars, and that said defects can be remedied, and the reasonable cost of remedying said defects is three hundred dollars." (The judgment was for the sum remaining unpaid on the contract, less said three hundred dollars.) The trial court further found in accord with the allegations of the complaint in regard to the architect's certificate and the waiver of the same by defendant. In his answer defendant set up the plea of a former action pending, and the finding of the trial court was substantially that although there had been a previous action, such action was no longer pending. The judgment of the trial court was for the sum remaining unpaid on the contract price, less the three hundred dollars allowed defendant as the cost of remedying the defects in the work.

With relation to the question of the sufficiency of the evidence to sustain the finding of substantial performance of the contract, appellant's principal reliance, as evidenced by his briefs, appears to be based on the failure of plaintiff to obtain the architect's certificate, evidencing completion of the work, the theory being that in view of the provisions of the contract relative to approval of the work by the architect and the issuance of a certificate to that effect, such certificate constitutes a necessary prerequisite to the right to recover. [1] The provision of the contract as to an architect's certificate was, of course, a provision for the benefit of defendant which might be waived by him. (See *Knarston* v. *Manhattan Life Ins. Co.*, 140 Cal. 57, 63, [73 Pac. 740]; *Valley Lumber Co.* v. *Struck et al.*, 146 Cal. 266, 270, [80 Pac. 405]; *Kling* v. *Bucher*, 32 Cal. App. 679, [163 Pac. 871].) There was ample evidence to sustain a conclusion that the want of an architect's certificate was never suggested by defendant as a ground for refusing payment until upon a trial of a previous action brought by plaintiff against

defendant long after defendant had taken possession of the premises, he raised the objection on motion for a nonsuit, and that he had not based his refusal to pay prior to such action wholly or in part upon any such ground. There was also evidence tending in some degree to show that the defendant had assumed to act throughout the matter without regard to this provision of the contract, and that the one progress payment that had been made was made by the owner without any certificate or request therefor. [2] We think that upon the record it must be held that there was sufficient evidence to support the finding that defendant waived the requirement. [3] It appears to be generally held in other jurisdictions that the necessary waiver may be inferred from such acts and conduct or declarations of the employer as are inconsistent with the purpose of exacting performance, and that where the refusal of the owner to pay is based wholly upon other grounds than the failure to produce a written certificate of the architect, a waiver of that requirement may be inferred. Especially is this true where there is added a course of conduct during the progress of the work indicating that the owner ignores such a requirement, and there is shown a substantial performance by the contractor. (See *Steelman* v. *Ludy,* 77 N. J. L. 446, [72 Atl. 423]; *Lohr etc.* v. *Ferguson,* 223 Ill. 88, 93, [79 N. E. 35]; *Tilden* v. *Buffalo Bldg. Co.,* 27 App. Div. 510, [50 N. Y. Supp. 511, 515]; *Quast* v. *Guetzkow,* 164 Wis. 197, 199, [159 N. W. 810]; *Ashland Lime etc. Co.* v. *Shores,* 105 Wis. 122, 131, [81 N. W. 136]; *Masek* v. *Chmelik,* 169 Ill. App. 589.) The principle is fully recognized in *American-Hawaiian Eng. etc. Co.* v. *Butler,* 165 Cal. 497, 515, [Ann. Cas. 1916C, 44, 133 Pac. 280]. [4] That, *subsequent to the first trial,* after this objection had been raised on the trial thereof, plaintiff did seek a certificate of completion of the architect in order to cure the alleged defect and was refused such certificate, does not preclude the conclusion of waiver. The waiver, if any, had occurred long prior thereto. We see no force in the additional points on this question made for the first time in appellant's supplemental brief filed in this court.

[5] Upon the question of substantial performance in fact we see no reason to doubt that the evidence was sufficient to support the findings. As to what is meant by the term

"substantial performance" in such matters as this, the law of this state is clearly set forth in *Connell* v. *Higgins,* 170 Cal. 541, 556, [150 Pac. 769]. (See, also, *Harlan* v. *Stuffle-beem,* 87 Cal. 508, [25 Pac. 686].) The situation was such in this case as to warrant the conclusion of the trial court. The mere fact that defendant should be allowed three hundred dollars (the contract price being $3,130) on account of imperfections in the work, if that be the fact, cannot be held to necessarily require a different conclusion. There is no doubt of the sufficiency·of the evidence in regard to the tile floor matter to warrant the conclusion that there was no willful departure by the contractor from the provisions of the contract, that he had acted in good faith throughout, and that the owner, who had received and was enjoying the fruits of the work, could be fully compensated by a recoupment for damages in so far as any defects were concerned. The alleged defects were wholly in relation to the manner in which the tiling had been laid, the claim being that the workmen had not laid it in such a way that it was entirely smooth and level, in that there were certain depressions. According to the contractor, these depressions were very slight and not at all serious in their effect. The trial judge had examined the premises and no objection has been reserved to his having so done. **[6]** The question of substantial performance is one to be determined in each case with reference to the existing facts and circumstances. (*Connell* v. *Higgins, supra.*) Under all the circumstances we cannot say that there was error in the trial judge's conclusion.

The district court of appeal in deciding this case was of the opinion that there was not sufficient evidence on which to found a conclusion as to the reasonable cost of remedying the defects in the tile flooring, the court finding, as already noted, that while the tile floor was constructed substantially in accord with the conditions of the contract, "said tile floor is damaged by said trivial defects in the sum of three hundred dollars, and that said defects can be remedied, and the reasonable cost of remedying said defects is three hundred dollars." No useful purpose can be subserved by a discussion of the fragmentary evidence elicited by the trial court on this question. Suffice it to say that we find therein no evidence furnishing a sufficient basis for the conclusion as to

the amount that should be deducted from the contract price on account of the defects. This, as we have noted, was the conclusion of the district court of appeal.

The briefs are largely devoted to the question of the defense of pendency of a former action. The court found that there was a former action between these parties involving the same subject matter, in which a judgment of nonsuit was entered, and further that said action had been abandoned and was not pending in abatement of this action. [7] We think the latter finding, while placed among the conclusions of law, must be deemed a misplaced finding of fact. [8] It seems entirely clear that this finding cannot be held to find support in the evidence. The record must be held to show without conflict that the judgment of nonsuit having been entered, plaintiff took an appeal therefrom to this court, and that such appeal was pending herein at the time of the trial of this action. We see no force in any of the claims to the contrary made by plaintiff. "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." (See Code Civ. Proc., sec. 1049.) The appeal having been taken, it necessarily was a pending appeal until decided or dismissed by the appellate court. That the appellant was not in fact diligently prosecuting the appeal or had practically abandoned it is altogether immaterial. Until it was decided or dismissed, there was no final determination of the action upon the appeal, and the action was therefore still pending. This being the situation, the finding of the trial court should have been to the effect that the former action was still pending, and such a finding would have required that this action abate. Plaintiff seeks to exclude this case from the effect of the general rule by reason of the fact that the judgment in the former action was one of nonsuit only, which could not operate as a *bar* to a second action. This fact is altogether immaterial. Notwithstanding it, the action was still pending by reason of the appeal which had not been finally determined. The only question is whether the former action was still pending, and the nature of the judgment given from which the pending appeal was taken is altogether beside the question. Plaintiff relies in this connection upon *Pyle* v. *Piercy,* 122 Cal.

383, [55 Pac. 141]. Some of·the language in that opinion
may, upon a cursory reading, be misleading. The court
there was not discussing a plea of *former action pending,*
but a case of a former *judgment* plead in bar. After very
properly concluding that a judgment of dismissal for fail-
ure of plaintiff to appear on the trial could not be held to
operate as a bar to another action, the court said in reply to
some contention of appellant that it necessarily followed
that such a *judgment* cannot be pleaded in abatement and
avoidance, that if the *"judgment"* is such that it cannot be
pleaded in bar, it cannot be pleaded in abatement, and that
a *"judgment"* which has not the elements to constitute a
bar has not the elements to support a plea in abatement.
What the case really holds, and all that it has ever been
cited for, is that a judgment of dismissal of action for want
of prosecution for nonappearance of plaintiff at the time set
for trial is not an adjudication of the cause on the merits
and is in no way a bar to a subsequent action. (*Carr* v.
*Howell,* 154 Cal. 383, [97 Pac. 885]; *Hershey* v. *Bristol,* 162
Cal. 110, [121 Pac. 371]; *Estate of Bump,* 152 Cal. 279, [92
Pac. 643].) If it could fairly be construed as holding that
the character of the judgment in the former action, where
judgment has been given in such action, as to its being
capable of constituting a bar to another action, is at all
material in determining an issue of pendency of former
action, it would clearly be wrong and should not be followed.

[9] Defendant insists that in view of the situation with
relation to this matter, the judgment of the superior court
should be reversed with directions to dismiss the action.
This was the course followed in *Fisk* v. *Atkinson,* 71 Cal.
452, [10 Pac. 374, 12 Pac. 498]. There were no findings of
fact in that case. Here, as we have seen, we have a finding
of fact to the effect that the former action is not pending,
and the authorities seem to preclude our ordering a judg-
ment that would not find support in the existing findings.
(See *Kellogg* v. *King,* 114 Cal. 378, 389, [55 Am. St. Rep.
74, 46 Pac. 166]; *Gwin* v. *Calegaris,* 139 Cal. 384, 391, [73
Pac. 851].) But regardless of this, we would not be war-
ranted in giving a direction for dismissal or abatement of
the action where it is clearly made to appear that the effect
thereof would be to accomplish injustice. The record on
appeal shows that in this case the defense of former action

pending was very technical, inasmuch as the appeal in the former action had practically been abandoned by the plaintiff. All that was lacking to finally determine the former action was an order of this court dismissing the appeal, which formal order counsel for plaintiff apparently deemed unnecessary. It is asserted by counsel for respondent in his brief and admitted by appellant that on January 21, 1919, an order was made by this court, on the application of the plaintiff (appellant), that his appeal in the former action be dismissed. This court had the power to so dismiss the ap-peal on the appellant's application, and there would not be error in its so doing. The effect of such an order would be to finally end the former action. **[10]** It is thoroughly settled in this jurisdiction that a dismissal of the former action pending at the time of the commencement of the subsequent action made at any time before the trial of the subsequent action, or even before the conclusion of such trial, completely disposes of the plea of former action pending. (See *Moore* v. *Hopkins,* 83 Cal. 270, [17 Am. St. Rep. 248, 23 Pac. 318]; *McDougald* v. *Hulet,* 132 Cal. 154, 161, [64 Pac. 278]; *Balfour etc.* v. *Woodworth,* 124 Cal. 169, [56 Pac. 891]; *Dyer* v. *Scalmanini,* 69 Cal. 637, [11 Pac. 327].) It thus appears that plaintiff now probably has a complete answer to the defendant's plea of former action pending, available on the new trial which would naturally be ordered where a judgment is reversed for insufficiency of evidence to sustain a finding. We think we are fully warranted in considering all this, for the purpose of determining whether in addition to reversing the judgment we should order the superior court to abate the action, assuming, of course, that we have the power to make any such order, in view of the findings, and that in view of the circumstances we would not be warranted in ordering a dismissal, even had we power to do so.

We find no other claim of material error that, in view of our conclusion on the points already noticed, merits discussion.

No good reason appears why the new trial that must be had should not be limited to the matters in regard to which error has been shown. Learned counsel for defendant appears to think that injustice would be done by adopting any such course, in that he relied so confidently on his plea

of former action pending that he did not fully develop his other defenses. He had no right to rely to any such extent on this technical plea, and in so far as we can see he did not lack in presenting fully to the court below such defenses as he had. It is a plain duty .of appellate courts to facilitate to the extent of their capacity as speedy a disposition of litigation as is consistent with the doing of complete justice between the parties.

The judgment is reversed and a new trial ordered solely upon the issue of a former action pending, and upon the issue respecting the amount, if any, that should be allowed defendant by reason of defects in the tile work, the findings already made upon all other issues to stand as the findings upon such issues in so far as the new judgment to be given is concerned.

Shaw, J., Lawlor, J., Wilbur, J., Lennon, J., Olney, J., and Kerrigan, J., *pro tem.*, concurred.