[Civ. No. 1634. Fourth Appellate District.—February 25, 1936.]

SECURITY–FIRST NATIONAL BANK OF LOS AN-GELES (a Corporation), Petitioner, v. THE SUPE-RIOR COURT OF IMPERIAL COUNTY, Respondent.

Harry W. Horton, Hickcox & Trude and Charles B. Provence for Petitioner.

Lloyd S. Nix for Respondent.

BARNARD, P. J.—This is an application for a writ of prohibition to prevent the Superior Court of Imperial County from taking any action or exercising any jurisdiction in a certain proceeding for debt relief instituted in that court under the provisions of chapter 348 of the Statutes of 1935 (Stats. 1935, p. 1208).

On or about July 21, 1934, one W. S. Harris filed a petition in the United States District Court in and for the Southern District of California praying for relief under section 75 of the National Bankruptcy Act (U. S. C. A., sec. 203). That court issued an order restraining all creditors of Harris from foreclosing or enforcing liens against his property. In November, 1934, on motion of certain creditors of the said Harris, said court entered an order dismissing the proceeding therein on the ground and upon the finding that Harris was not a farmer under the terms of the Bankruptcy Act and, in particular, under the terms of subdivision (r) of said section. Harris appealed to the United States Circuit Court and by appropriate proceedings secured a continuance in force of the restraining order preventing lien holders from enforcing their liens by sale or foreclosure. On August 5, 1935, the Circuit Court of Appeals entered and filed its decision dismissing the appeal on the ground that it had no jurisdiction of an appeal which had been allowed by the District Court, and that it declined to take jurisdiction under a petition for appeal directly presented to that court.

The petitioner herein is the holder of certain trust deeds covering real property belonging to said Harris. These trust

deeds secure notes aggregating about $14,000, of which about $12,300 is long past due, as is certain interest, together with about $8,000 advanced by the petitioner for taxes on the land. On or about July 20, 1935, the petitioner recorded a declaration of default in connection with these trust deeds.

On July 20, 1935, the said Harris filed a petition in the Superior Court of Imperial County, seeking relief under the state debt moratorium provisions of chapter 348 of the Statutes of 1935. This petitioner moved in the Superior Court for a dismissal of that proceeding on the ground that said court had no jurisdiction of the subject-matter and that at the time of filing said petition by the said Harris the matter of debt relief and all matters in connection with liens on said real property were exclusively within the jurisdiction of the federal court. This motion was denied and this proceeding followed.

It seems to be well settled that subdivision (n) of section 75 of the United States Bankruptcy Act, as amended, subjects the petitioner and his property to the exclusive jurisdiction of the federal court, and that when a proceeding is instituted under the act the federal court has exclusive jurisdiction until the proceeding is terminated. (*In re Duffy*, 9 Fed. Supp. 166; *In re Dickinson*, 9 Fed. Supp. 227; *In re Houser*, 9 Fed. Supp. 891; *Taylor* v. *Sternberg*, 71 Fed. (2d) 157.) It seems to be also well settled that jurisdiction must exist at the time a petition or complaint is filed. (*Koenigsberger* v. *Richmond Silver Min. Co.*, 158 U. S. 41 [15 Sup. Ct. 751, 39 L. Ed. 889]; *Adams* v. *City of Woburn*, 174 Fed. 192.)

At the time the proceeding in question was begun in the state court the proceeding in the federal court was still pending (Code Civ. Proc., sec. 1049; *Collins* v. *Ramish*, 182 Cal. 360 [188 Pac. 550]). In that case the court said: "The appeal having been taken, it necessarily was a pending appeal until decided or dismissed by the Appellate Court. . . . Until it was decided or dismissed, there was no final determination of the action upon the appeal, and the action was therefore still pending."

It therefore appears that at the time the proceeding was instituted in the state court the federal court had exclusive jurisdiction of the matters involved and was then engaged in exercising that jurisdiction. It would seem to follow that

the respondent court had no jurisdiction of the petition filed under the 1935 act at the time the same was filed.

The petitioner relies upon the case last cited in support of the contention that at the time the motion to dismiss was made in the respondent court the jurisdiction of the federal court had ended, and that, such jurisdiction having ceased, the respondent court was at liberty to proceed in the matter. In the case referred to it was held that the existence of a former action, subsequently dismissed, should not be taken as a bar to the continuance of another action begun before the first action was terminated. There is considerable difference between the power of a court to determine what shall be recognized as a bar in exercising its jurisdiction, and the jurisdiction of a court to proceed at all. Regardless of what later happened in the federal court the respondent court had no jurisdiction of the matter in question at the time the petition therein was filed. In our opinion, jurisdiction in the proceeding then pending could not then be created as the result of any subsequent developments in the other court.

Harris chose his own forum, and having conferred jurisdiction upon the federal court it was beyond his power to confer jurisdiction on the state court through the filing of the petition referred to until the prior proceedings were disposed of. If he desired to take advantage of the state law he could have secured an earlier dismissal of his appeal in the federal court but, in our opinion, he could not begin the second proceeding while the first was still pending.

It is ordered that the writ of prohibition issue as prayed for.

Marks, J., and Jennings, J., concurred.