[L. A. No. 15638. In Bank.—May 15, 1936.]

In the Matter of the Petition of W. S. HARRIS, Appellant, v. PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA (a Corporation), Respondent.

Lloyd S. Nix for Appellant.

Guthrie & Darling for Respondent.

SHENK, J.—The respondent moved to dismiss the appeal or affirm the judgment under rule V, section 3.

On July 20, 1935, in Los Angeles County, W. S. Harris filed a petition for relief under the Mortgage and Trust Deed Moratorium Act of 1935. (Stats. 1935, p. 1208.) The petition therein showed that in August, 1932, the Imperial Crawford Company executed its note for $67,500 to the Pacific Mutual Life Insurance Company of California. To secure the payment of the note it also executed a deed of trust on certain lots in Los Angeles County, and certain more extensive lands in Imperial County devoted to agriculture. The petitioner Harris succeeded to the rights and liabilities of Imperial Crawford Company on the note and trust deed. A trustee's sale originally noticed for December 16, 1933, became imminent, and on July 20, 1935, the petitioner commenced the present proceeding for an extension of time. The application was resisted by a motion to dismiss the proceedings on the ground that the same should have been commenced in Imperial County, where the major portion of the property was situated (Stats. 1935, p. 1208, sec. 2), instead of in Los Angeles County; and on the further ground that exclusive jurisdiction in the matter had vested in the United States District Court, Southern District of California, on July 21, 1934, by the filing in that court by the petitioner of a petition in bankruptcy pursuant to section 75 of the Bankruptcy Act, which terminated by a dismissal of the proceeding by the Circuit Court of Appeals on August 5, 1935. The motion was granted on both grounds and judgment of dismissal of the application for an extension of time was entered on August 29, 1935.

The dismissal of the proceeding for relief under the Moratorium Act is fully supported on the ground that the

subject-matter was within the exclusive jurisdiction of the United States District Court in the proceeding pending therein at the time the application herein was filed. (*Security First National Bank of Los Angeles* v. *Superior Court*, 12 Cal. App. (2d) 140 [55 Pac. (2d) 532].) Furthermore, the question whether the major portion of the property covered by the deed of trust was located in Imperial County was one to be determined primarily by the trial court on the application for the extension of time. No showing is made that the court erred in its conclusion that the agricultural lands in Imperial County formed the major portion of the property involved, and that the petition should have been filed in that county.

The motion is granted and the order is affirmed.

Curtis, J., Conrey, J., Langdon, J., and Waste, C. J., concurred.